[No. 33191. *En Banc.* November 17, 1955.]

THE STATE OF WASHINGTON, *Appellant,* v. ARMIDA DOROTHY PETERSEN *et al., Respondents.*[1]

*Charles O. Carroll, Wm. H. Simmons,* and *Laurence D. Regal,* for appellant.

*Charles M. Stokes,* for respondents.

FINLEY, J.—By an information filed on June 16, 1954, defendants were charged with the crime of manslaughter.

[1] Reported in 289 P. (2d) 1013.

The information alleges that they caused the death of their fifty-eight day old child by starvation and parental neglect. When arraigned, both defendants entered pleas of not guilty.

On October 29, 1954, defendant wife filed a petition in the superior court, requesting that the King county coroner be ordered to furnish the defendants with a copy of the report of an autopsy which had been performed upon their child's body at the direction of the coroner. She alleged that defendants could not properly prepare to defend against the charge contained in the information without knowledge of the contents of the autopsy report. The King county coroner is referred to in the title of this petition and in the body thereof. The petition was heard by the Honorable Roger J. Meakim. He did not make final disposition of the petition, but continued it subject to call, and indicated that he might consider abating the criminal action, if the matter was properly presented.

Subsequently, on November 8, 1954, defendants filed a plea in abatement, asking that all proceedings in this cause be stayed and abated until they should be furnished with a certified copy of the autopsy report. On November 10, 1954, Judge Meakim sustained this plea and granted an order staying and abating all proceedings in this cause until a certified copy of the autopsy report was furnished to defendants. He allowed seven days within which this might be done.

On November 22, 1954, Judge Meakim signed an order permanently staying and abating any further proceedings in this cause, for the reason that the state of Washington had not complied with the order of November 10, 1954. The state has appealed from this order and also from the order of November 10th.

In support of its position that the above-mentioned orders were erroneously entered, the state argues that autopsy reports are, by statute, confidential; therefore, the prosecuting attorney could not be compelled to furnish the respondents with a copy of the report. In this connection, the state relies upon RCW 68.08.105, which provides:

"Reports and records of autopsies or post mortems shall be confidential, except to the prosecuting attorney or law enforcement agencies having jurisdiction, or to the department of labor and industries in cases in which it has requested the autopsy." [Laws of 1953, chapter 188, § 9, p. 404.]

■ While this statute relates initially to the report being confidential in the hands of the coroner, as a secondary matter the report, obtained by virtue of the statute, would, in a sense, still remain confidential in the hands of the prosecuting attorney. If this was not so, then a prosecutor, after obtaining an autopsy report, could pass it on to others, and the legislative pronouncement that such reports are confidential would be violated. We conclude, therefore, that such a report would remain confidential while in the possession of the prosecuting attorney, unless the legislature has provided elsewhere that others may obtain it from the prosecutor. We have found no enactment to the latter effect.

■ We note in passing that our interpretation of the pertinent statutes is in harmony with the general rule (supported by the weight of authority) to the effect that an accused may not have access, as a matter of right, to evidence in the possession of the prosecution. *State v. Payne*, 25 Wn. (2d) 407, 171 P. (2d) 227, 175 P. (2d) 494, and cases cited; 52 A. L. R. 207.

From the trial court's order of abatement of November 10, 1954, it is not clear who was expected to furnish a copy of the autopsy report to the respondents. The order simply provided that further proceedings in the original action would be stayed and abated until the respondents should be furnished with a copy of the report. However, the failure to provide respondents with a copy of the autopsy report necessarily would result in the continued abatement of proceedings in this cause, and, consequently, it is clear to us that the onus of noncompliance with the conditional portion of the order was upon the prosecuting attorney. We must, therefore, conclude that the order contemplated that the King county prosecuting attorney would furnish the respondents with a copy of the autopsy report, either (1)

by giving them a copy of the report which he had, or (2) by causing (in some undisclosed manner) the county coroner to furnish a copy of the report to the respondents. Regarding the first possibility, we have already determined that such a report is confidential in the hands of the prosecutor, and he would be violating the mandate of the statute by giving respondents such a copy. As regards the second possibility, we know of no authority by which the prosecutor could have compelled the coroner to give respondents a copy of the report.

The state is appealing from the order permanently abating the criminal proceeding. The only question before us is whether the trial judge had the authority to enter the order; in other words, whether his action constituted an abuse of discretion. We are convinced that the trial judge had no authority to enter the order and that his action constituted an abuse of discretion. The order of abatement must be vacated. It is so ordered.

ALL CONCUR.

_____

January 13, 1956. Petition for rehearing denied.