[No. 37805.    Department One.    July 29, 1965.]

THE STATE OF WASHINGTON, *Respondent*, v. GEORGE THEODORE SAYWARD, *Appellant*.\*

*Joe McAdams*, for appellant.

*Paul Klasen*, for respondent.

PER CURIAM.—Appellant was convicted of negligent homicide by means of a motor vehicle in Grant County, and we reversed the judgment for prejudicial error. *State v. Sayward*, 63 Wn.2d 485, 387 P.2d 746 (1963). On retrial, he was again convicted and appeals the judgment, assigning error to the trial court's limiting his cross-examination with

\*Reported in 404 P.2d 783.

respect to a witness's criminal activities and also in imposing sentence as for a felony.

As to the first assignment of error, the trial court permitted appellant on cross-examination to inquire concerning the witness's prior convictions of criminal offenses. This question the witness answered indicating that he had received a few traffic tickets and had once spent the night in jail for drinking and on another occasion for arguing with a police officer. To the further question, "How many times have you been convicted in court of any crime?", the witness answered, "I can't say, right now. I can check and find out. It is maybe three or four times, maybe five."

Subsequently in the cross-examination, when asked where and of what offense he had last been convicted, the witness answered that he had been last convicted in April, in Soap Lake, of "So-called illegal possession and consumption."

Appellant claims error when later in the cross-examination his counsel asked the court if he could inquire further into the witness's criminal record, and the court, ruling that he had covered the point sufficiently, excluded further cross-examination concerning the witness's prior convictions.

Appellant made no offer to prove, nor did he indicate in any way, that he had any evidence to show that the witness had been convicted of any offenses not acknowledged or revealed in his previous answers. We believe that the trial court allowed appellant abundant latitude in cross-examining as to the witness's criminal record and did not abuse its discretion in finally terminating the cross-examination on that particular subject. Questions designed to show a record of criminal misconduct for the purpose of affecting the credibility of a witness are properly limited to convictions, the kind of crime, and the sentence imposed. Arrests or time spent in custody without a conviction are not admissible to affect credibility. *State v. Lindsey*, 27 Wn.2d 186, 177 P.2d 387 (1947). Latitude and extent of cross-examination rest largely in the discretion of

the trial court and will not be disturbed in the absence of manifest abuse of such discretion. *State v. Ingle*, 64 Wn.2d 491, 392 P.2d 442 (1964); *State v. Robinson*, 61 Wn.2d 107, 377 P.2d 248 (1962).

■ Nor do we see merit in appellant's assignment of error that RCW 46.56.040, the negligent homicide statute, is unconstitutional because it provides in the alternative for 20 years' imprisonment in the state penitentiary or in the county jail for not more than one year. We answered this contention explicitly in *State v. Harvey*, 57 Wn.2d 295, 356 P.2d 726 (1960), ruling that the statute makes negligent homicide by means of a motor vehicle (RCW 46.56.040) a felony. That case controls this assignment of error.

Affirmed.