[Nos. 39385, 39434, 39386.   Department Two.   August 22, 1968.]

THE STATE OF WASHINGTON, *Respondent*, v. EUGENE BEARD et al., *Appellants*.*

*Kempton, Savage & Gossard*, by *Anthony Savage, Jr.*, for appellants (appointed counsel for appeal).

*Charles O. Carroll* and *Herbert L. Onstad*, for respondent.

*Reported in 444 P.2d 651.

NEILL, J.—Defendants were jointly charged with robbery and found guilty by a jury. Judgment and sentences were imposed from which defendants now appeal.[1]

The state's evidence which the jury was entitled to accept established that on Sunday, September 11, 1966, near midday, the complaining witness, Wright, and a friend, Fleenor, were walking along First Avenue South in the Skid Road area of Seattle. As the two men passed by the doorway to a cafe, Wright was pulled into the doorway, knocked to the ground, kicked and searched. His change, cigarettes, and a partially consumed bottle of wine were taken from him. Two policemen testified that at the time of the robbery they were in the second story of a hotel across the street and on the corner of the next block from the cafe; that through a window they observed Mr. Wright walking down the street; that they observed the three defendants standing in front of the cafe; that they saw Beard grab Wright, knock him down and take a bottle of wine; that, although neither Black nor Madison touched Wright, they did participate in drinking the wine; and that both Madison and Black attempted to shield Beard's actions. The policemen immediately left the hotel and apprehended all three defendants.

Prior to trial, Beard moved for the production by the state of copies of statements of witnesses. Defendants contend that the court's refusal to grant the motion was reversible error. Defendants concede that the state is not obligated to submit its evidence to an accused or his counsel (*State v. Clark*, 21 Wn.2d 774, 153 P.2d 297 (1944); *State v. Payne*, 25 Wn.2d 407, 171 P.2d 227, 175 P.2d 494 (1946); *State v. Petersen*, 47 Wn.2d 836, 289 P.2d 1013 (1955)); and that the granting of any discovery in criminal cases is a matter peculiarly within the discretion of the trial court (*State v. Thompson*, 54 Wn.2d 100, 338 P.2d 319 (1959); *State v. Mesaros*, 62 Wn.2d 579, 384 P.2d 372

---

[1]Defendants were represented at trial by separate court-appointed counsel, all of whom withdrew after trial. Counsel on appeal was appointed to represent all defendants.

(1963); *State v. Gilman,* 63 Wn.2d 7, 385 P.2d 369 (1963); *State v. Peele,* 67 Wn.2d 893, 410 P.2d 599 (1966)).

Defendants quote from page 632 of *State v. Boehme,* 71 Wn.2d 621, 430 P.2d 527 (1967):

At this point, we momentarily pause to observe that the rules of discovery are designed to enhance the search for truth in both civil and criminal litigation. And, except where the exchange of information is not otherwise clearly impeded by constitutional limitations or statutory inhibitions, the route of discovery should ordinarily be considered somewhat in the nature of a 2-way street, with the trial court regulating traffic over the rough areas in a manner which will insure a fair trial to all concerned, neither according to one party an unfair advantage nor placing the other at a disadvantage.

But they fail to note that in that same opinion we reaffirmed the rule of discretion as set forth in *State v. Mesaros, supra.* The only statements held by the state were the police officers' report and Mr. Wright's statement. Defendants' counsel were permitted to interview Mr. Wright. The discrepancies in statements given by these witnesses were fully explored in cross-examination and the jury could believe or disbelieve as it saw fit. We cannot find that defendants were prejudiced by the court's ruling, much less that there has been a manifest abuse of discretion in refusing the motion to produce.

Defendants contend that the prosecutor committed reversible error by questioning defendant Madison concerning prior criminal convictions without producing proof thereof. The portion of the testimony relevant to this contention is set forth in full as it is short and constitutes the entire record relative to the alleged misconduct. During cross-examination of defendant Madison, the following occurred:

Q. Have you ever been convicted of a crime? A. Yes. Q. When was the first time? MR. SCHNEIDERMAN: Object. THE COURT: Overruled. Q. Have you been convicted of a crime? You said, yes. I asked when the first time was. A. October 27, 1951. Q. And what was that for? A. Manslaughter, misdemeanor accident of an automobile. Q.

Convicted of manslaughter in 1951, is that correct? When was the next time? A. There was no next time. Q. Were you convicted, Mr. Madison on August 4th, 1956 in Los Angeles or Sacramento, California, $250 fine, five days? A. Beg your pardon? Q. In Los Angeles and Sacramento? MR. MORRISSEY: Object to this line of questioning. He did indicate he was convicted of a crime. I think it is immaterial now for him to go into his history as to which crimes and serves no impeachment, just prejudicial. THE COURT: The objection is overruled. Q. Weren't you convicted in Sacramento, California, in '56 of a traffic violation and given a $250 fine? A. No. Q. All right. An aggravated assault in Tucson, Arizona? You weren't convicted of that? A. No. Q. Were you convicted in California and given sixty-three days for driving while drunk? A. No. Q. You know you were convicted? A. Yes, I did. Q. And if your answer is "No," and you were convicted, you understand that you could be charged? A. The charges that you mention, no. Q. The charge that I have mentioned? A. That is right. MR. MORRISSEY: Your Honor, excuse me, I would like to see this rapsheet, or at least have it marked as an exhibit. MR. ONSTAD: I would be very happy to have it marked as an exhibit if counsel wants to have it identified. MR. MORRISSEY: Go ahead with your question.

No attempt was made by the state to prove the convictions denied by defendant Madison.

■ The prosecutor was entitled to question Madison on cross-examination concerning his prior convictions, the kinds of crimes involved and the sentences imposed. However, charges, arrests or time spent in custody without convictions are not admissible to affect credibility. *State v. Sayward*, 66 Wn.2d 698, 404 P.2d 783 (1965); *Lundberg v. Baumgartner*, 5 Wn.2d 619, 106 P.2d 566 (1940). Had Madison admitted the alleged convictions or had the state proved them, the prosecutor's cross-examination would have been entirely proper.

The examination of a witness by the state with regard to prior convictions, when the prosecutor is either unwilling or unable to prove the alleged convictions upon the witness's denial has been condemned in prior cases. *Warren v. Hynes*, 4 Wn.2d 128, 102 P.2d 691 (1940); *State v. Stevick*,

23 Wn.2d 420, 161 P.2d 181 (1945); *State v. Lindsey*, 27 Wn.2d 186, 177 P.2d 387, 181 P.2d 830 (1947); *State v. Goodwin*, 29 Wn.2d 276, 186 P.2d 935 (1947). In *Stevick, supra,* we said at 425:

> [R]eference to specific acts of misconduct cannot be made to expose the witness to ridicule or to discredit him in the minds of the jury. . . . The state did not attempt to prove former convictions indicated by the questions. In this day in which criminal records are quite complete and available to all prosecuting officials, there is no excuse for asking questions concerning former convictions at random.

In *Lindsey, supra,* we said at 192:

> In the case at bar, the deputy prosecuting attorney had a right to ask the defendant concerning his conviction and the term of his sentence. The state did not have proof of any other conviction. There could be only one result of the questions concerning other crimes. That was to hold the defendant up to ridicule and to discredit him in the minds of the jury.

The prosecutor's questions and his inability or unwillingness to produce proof of the alleged convictions following Madison's denial thereof did constitute error.

We have not overlooked *State v. Maloney*, 135 Wash. 309, 237 Pac. 726 (1925), but in that case the state showed good faith in attempting to prove the conviction, but failed on the matter of identification. We held no damage was done to the defendant.

██ However, not every error is reversible error. A defendant must make use of the trial motions available to him to correct errors at trial. It is the general rule that timely objections must be made in order to preserve an alleged error relating to misconduct of counsel when such misconduct can be removed from the jury's consideration by an appropriate instruction. *Seattle v. Harclaon*, 56 Wn.2d 596, 354 P.2d 928 (1960). See, *State v. Jacobsen, ante* p. 36, 442 P.2d 629 (1968). Moreover, when the alleged misconduct is such that its prejudicial effect may not be corrected by an appropriate admonition to the jury, the

proper remedy is to call the matter to the trial court's attention, claim a mistrial and ask that the jury be discharged. *Workman v. Marshall*, 68 Wn.2d 578, 414 P.2d 625 (1966); *Jones v. Hogan*, 56 Wn.2d 23, 351 P.2d 153 (1960); *Sun Life Assur. Co. of Canada v. Cushman*, 22 Wn.2d 930, 158 P.2d 101 (1945). As we stated in *Jones, supra,* at 27:

> If misconduct occurs, the trial court must be promptly asked to correct it. Counsel may not remain silent, speculating upon a favorable verdict, and then, when it is adverse, use the claimed misconduct as a life preserver on a motion for new trial or on appeal.

See also, *State v. Huson*, 73 Wn.2d 660, 440 P.2d 192 (1968); *State v. Johnson*, 69 Wn.2d 264, 418 P.2d 238 (1966); *State v. Miller*, 66 Wn.2d 535, 403 P.2d 884 (1966). *Cf.*, *State v. Noyes*, 69 Wn.2d 441, 418 P.2d 471 (1966); *State v. Louie*, 68 Wn.2d 304, 413 P.2d 7 (1966).

We have on occasion, however, recognized an exception to the general rule requiring that proper objections and motions must be made at trial. In *State v. Morris*, 70 Wn.2d 27, 33, 422 P.2d 27 (1966), we held:

> Unless the misconduct of counsel in his opening statement is so flagrant, persistent and ill-intentioned, or the wrong inflicted thereby so obvious, and the prejudice resulting therefrom so marked and enduring, that corrective instructions or admonitions clearly could not neutralize their effect, any objection to such misconduct of counsel or error in the opening statement is waived by failure to make adequate timely objection and request for a corrective instruction or admonition.

Similarly, in *State v. Suleski*, 67 Wn.2d 45, 50, 406 P.2d 613 (1965), we said:

> The basic issue presented in this case is not whether defense counsel tacitly waived his objections or his motions for mistrial, or whether the trial court's instructions effectively struck the burglary tools charge, and its evidentiary derivatives, from the minds of the jury. Rather, the underlying issue is whether the defendant, under all of the circumstances, in fact received a fair and unbiased

trial upon the charge which the trial court submitted to the jury. . . .

. . . .

It is presumed that juries follow the instructions of the court. *State v. Costello,* 59 Wn.2d 325, 367 P.2d 816 (1962). However, where evidence is admitted which is inherently prejudicial and of such a nature as to be most likely to impress itself upon the minds of the jurors, a subsequent withdrawal of that evidence, even when accompanied by an instruction to disregard, cannot logically be said to remove the prejudicial impression created. . . .

. . . .

And, assuming arguendo that counsel for defendant did not adequately preserve his objections, we are satisfied that the prejudice was of such a nature as to warrant disregarding such a failure.

See also, *Warren v. Hart,* 71 Wn.2d 512, 429 P.2d 873 (1967); *State v. Case,* 49 Wn.2d 66, 298 P.2d 500 (1956); *State v. Reeder,* 46 Wn.2d 888, 285 P.2d 884 (1955). *Cf., State v. Peterson,* 73 Wn.2d 303, 438 P.2d 183 (1968); *State v. Louie, supra.*

The issue in the instant case, therefore, is whether the prosecution's misconduct was so flagrant, persistent, ill-intentioned, or prejudicial as to come within the exception to the general rule requiring the preservation of error. In resolving this issue, our holding in *State v. Martin,* 73 Wn.2d 616, 627, 440 P.2d 429 (1968), is apropos:

The rule is now definitely established in this state that the verdict of the jury in a criminal case will be set aside and a new trial granted to the defendant, because of an error occurring during the trial of the case, only when such error may be designated as prejudicial. [Citing cases.]

A prejudicial error may be defined as one which affects or presumptively affects the final results of the trial. [Citing case.] When the appellate court is unable to say from the record before it whether the defendant would or would not have been convicted but for the error committed in the trial court, then the error may not be deemed harmless, and the defendant's right to a fair trial requires that the verdict be set aside and that he be

granted a new trial. But, where the defendant's guilt is conclusively proven by competent evidence, and no other rational conclusion can be reached except that the defendant is guilty as charged, then the conviction should not be set aside because of unsubstantial errors. [Citing authority.] To determine whether prejudice has resulted, it is necessary that the appellate court examine the entire record. (Citing cases.)

Also appropriate to our consideration of the possible prejudicial effects of the prosecution's misconduct is the following statement found in *State v. Navone,* 186 Wash. 532, 538, 58 P.2d 1208 (1936):

> Misconduct is to be judged not so much by what was said or done as by the effect which is likely to flow therefrom. What would be misconduct in one case might very well be held not to be misconduct in another. Each situation involving the question of misconduct must stand by itself and must be considered in the light of all of its facts and circumstances to the end that verdicts properly arrived at shall not be disturbed, and that those verdicts which may have been induced by prejudice, or by something beyond the issues, shall not be allowed to stand. It is useless, therefore, to cite cases in which this question has been discussed or to compare the situation here presented with other situations shown in our reports . . . .

After carefully reviewing the record and considering the prosecution's misconduct in light of the crime with which the defendants are charged, the evidence introduced and the nature of the prior convictions alluded to but unproved, we are of the opinion that defendants did, in fact, receive a fair and unbiased trial upon the charge which the trial court submitted to the jury. Defendants' two objections were properly overruled as the state had the right to make the inquiry. The reference to a "rapsheet" was by defense counsel. The prosecutor promptly terminated the line of inquiry although invited by counsel to continue. We are convinced that the jury's verdict was based on competent and sufficient evidence which conclusively proved defendants' guilt and was not induced by any prejudice resulting

from the misconduct. Furthermore, it is clear that the prosecution's misconduct was neither deliberate nor ill-intentioned and that any possible adverse effect of such misconduct could have been fully neutralized by an appropriate corrective instruction or admonition.

Judgments are affirmed.

FINLEY, C. J., HILL and HUNTER, JJ., and EVANS, J. Pro Tem., concur.

---

September 26, 1968. Petition for rehearing denied.