[No. 191-40844-1.   Division One.   March 16, 1970.]
Panel 1

THE STATE OF WASHINGTON, *Respondent,* v. LARRY ALLAN CARLSON, *Appellant.*

*J. Hartly Newsum,* for appellant (appointed counsel for appeal).

*Charles O. Carroll, Prosecuting Attorney,* and *Robert S. Bryan, Deputy,* for respondent.

FARRIS, J.—Larry Allan Carlson was convicted of the crime of burglary in the second degree, tried to the court without a jury. He appeals from that conviction.

Three issues are raised: (1) Are the facts sufficient to sustain the conviction? (2) Was the appellant denied his right to a speedy trial pursuant to the Constitution of the State of Washington, article 1, section 22, and to receive a trial within 60 days pursuant to RCW 10.46.010? (3) Was the defendant denied a fair trial because of the introduction of hearsay evidence?

The defendant was arrested just outside of an appliance store hiding behind a Volkswagen van. The van contained a television set and a tape recorder which were identified as belonging to the appliance store. His footprint was found inside the store. The soles of his shoes were impregnated with metal shavings of the kind found on the floor of the van. Fibers from the rug of the store were on his shoes and in the van. He had an inventory ticket from one of the stolen appliances in his pocket. In addition to the merchandise from the appliance store, the van also contained various tools including a pry bar which matched the pry marks on the door of the store and held particles of paint matching those taken from the door. This evidence supports the conviction of the crime of burglary in the second degree. RCW 9.19.020 provides in part:

> Every person who, with intent to commit some crime therein shall, . . . enter the dwelling house of another or break and enter, or, having committed a crime therein, shall break out of, any building or part thereof, or a room or other structure wherein any property is kept for use, sale or deposit, shall be guilty of burglary in the second degree . . .  · ·

The challenge to the sufficiency of· the undisputed evidence is based upon the alibi of the defendant, which, if

believed, explains his presence at the store. His allegation is that he was merely walking home from Lynnwood, some 5 miles distance, saw the Volkswagen van belonging to his friend, went inside the store to find his friend who was not there, was inside the store when the sheriff's patrol car passed at approximately 4:45 a.m. and realizing his "compromising position" attempted to hide. He alleges that the metal particles in his shoes were there because he had been in the van on the day before; he inadvertently picked up the inventory ticket from the floor of the store while he was inside.

■■ The defendant relies upon those cases which hold that circumstantial evidence must be consistent with the hypothesis of guilt and inconsistent with any reasonable hypothesis or theory establishing, or tending to establish innocence. See *State v. Dugger,* 75 Wn.2d 689, 453 P.2d 655 (1969). Whether the circumstances proved are consistent with guilt and inconsistent with innocence is to be determined by the trier of fact, properly informed of the law. The task on appeal is to determine whether there is substantial evidence tending to establish circumstances on which such a finding could be predicated. *State v. Long,* 44 Wn.2d 255, 266 P.2d 797 (1954). We find that there is substantial evidence to support the conviction.

■ To rebut the defendant's testimony that he walked from Lynnwood to the appliance store, an officer testified that there was no way to travel from Lynnwood in a southeasterly direction without crossing Interstate 5 at some point north of 205th Street and that there is no pedestrian crossing in that area. In giving his testimony, the officer pointed out the places he spoke of on a Thomas Brothers Street Atlas for King County. It is upon the use of that atlas that the defendant bases his hearsay objection. No objection was made at the time of the trial. The objection was therefore waived.

Hearsay evidence is not the basis of reversible error when neither timely objection to its reception nor motion to strike is made.

*State v. Naples,* 51 Wn.2d 525, 319 P.2d 1096 (1958).

The information charging the defendant with the crime of burglary, second degree, was filed on September 20, 1968. The complaint was filed in the Seattle District Justice Court on May 1, 1968, and the defendant entered a plea of not guilty on that date. At a preliminary hearing on May 10, the state called various prosecuting witnesses and requested a continuance until May 17, 1968. On that date, the cause was bound over to the superior court. A transcript of the justice court proceedings was issued May 20th. On June 22, Mr. Carlson requested, by letter to Judge Dore, that a new attorney be appointed to represent him. He mentioned his period of confinement in that letter.[1]

---

[1]"Honorable Judge D*oar,*

"I was bound-over in your court the 17th of April, but have not been in Superior Court as yet.

"I believe I am still under your jurisdiction, since you were the last judge I was before, therefore I am addressing this letter to you.

"I would like to have a court appointed attorney assigned to my case. The attorney I have has for some reason disregarded all my attempts to see him.

"I have had the perso*n*el here at the jail call him several times, I have had a friend of mine (outside the jail) try to convince him that would like to see him—all with no effect.

"It seems to me that he doesn't care one way or another if I return to work, or stay here, or even be informed of anything he may have done concerning me. He did fill out a 'P.R. form early in May but I don't know what the results are of that.

"I have tried to make a phone call to my mother and have her try to arrange a property bond release through the court, but I cannot even make a phone call.

"I have been here since April 26th, and for the last 6 weeks I have been putting-off writting a letter to you in hopes that my attorney would come here and arrangements for bail or release could be made through him, but I have had to give up that thought.

"I hope you understand my situation and will appoint me an attorney. I cannot, financia*ly,* hire another myself.

"Thank *y*ou

"Larry A. Carlson"

108

█ The trial commenced December 16, 1968. No objection was made to the delay at any point in the proceedings before the trial court, nor was any relief requested. The right to a speedy trial is a fundamental constitutional right. The Constitution of the State of Washington, article 1, section 22, grants the right to an accused in a criminal prosecution "to have a speedy public trial." This is a corollary to the right conferred by the sixth amendment to the United States Constitution. RCW 10.46.010 provides for the dismissal of information without prejudice where the defendant has not been brought to trial within 60 days after the information is filed and good cause for the delay is not shown. See *State v. Alter*, 67 Wn.2d 111, 406 P.2d 765 (1965), and *State v. Wells*, 72 Wn.2d 492, 433 P.2d 869 (1967). There is no presumption in favor of a waiver of constitutional rights. The state must carry the heavy burden of proving that a constitutional right is voluntarily, knowingly and intelligently waived. See *State v. Emmett*, 77 W.D.2d 527, 463 P.2d 609 (1970). The letter written to Judge Dore raises a question as to whether the appellant waived the delay. That question could have been answered by the trier of facts had it been timely presented.

Delay is not always caused by the state nor is it always a detriment to the accused.

The rule in Washington is clear:

[T]he mere lapse of time is not sufficient to warrant the conclusion that there has been a denial of a speedy trial. . . . four factors which have been regarded as relevant in determining whether a delay constituted a denial of a speedy trial in the constitutional sense, *i.e.*, the length of the delay, the reason for the delay, the prejudice to the defendant, and the extent to which the defendant had waived the delay . . .

*State v. McEvers*, 76 Wn.2d 34, 38, 454 P.2d 832 (1969).

Affirmed.

HOROWITZ, A. C. J., and SWANSON, J., concur.