[No. 182-40839-3.    Division Three.    November 19, 1970.]

THE STATE OF WASHINGTON, *Respondent,* v. WILMONT M. WILLS, *Appellant.*

*Peter G. Young,* for appellant (appointed counsel for appeal).

*E. R. Whitmore, Jr., Prosecuting Attorney,* and *David J. Whitmore, Deputy,* for respondent.

EVANS, C. J.—Wilmont M. Wills appeals from a jury conviction of second-degree murder.

At approximately 9 a.m. on Sunday, November 5, 1967 the bruised and beaten body of George Love was found in a warehouse area located across the railroad tracks from a "hobo jungle" approximately 1 mile from Chelan Falls, Washington. More than 4 months later, on March 25, 1968, the defendant Wilmont M. Wills was charged by information with the murder of George Love. At the same time, by separate information, Edmund Dobbins was also charged with the murder of George Love. Wills and Dobbins were not charged as accomplices. Prior to trial of defendant Wills the murder charge against Dobbins was dismissed and he later testified for the state in the trial of defendant Wills.

Defendant assigns error to the refusal of the trial court to permit cross-examination of the witness Dobbins concerning the murder charge against him, and its dismissal, for the purpose of showing bias, prejudice or interest.

All evidence presented by the state was circumstantial. It was the theory of the state, and there was substantial evidence from which the jury could find, that George Love died of head wounds inflicted with a piece of two-by-four lumber approximately 3 feet in length, and that the assault and resulting death occurred some time after 1:25 a.m. on Sunday, November 5, 1967. Edmund Dobbins testified that in the late afternoon of the day before, he observed the defendant Wills assault George Love. This assault took place in the same warehouse area where the body of Love was later found, but the state does not contend the death of Mr. Love resulted from this assault. Dobbins testified that on that afternoon of November 4 Wills struck Love numerous times with his fists and stomped him three or four times. Dobbins testified that he then said, "Wills, you stomped that old man to death", and Wills responded, "You don't know George Love like I do, he's tough, I've stomped him a lot of times."

In view of the inclusive nature of the remaining circumstantial evidence presented by the state, the direct testimony of Dobbins as to the hostility exhibited by defendant Wills toward the deceased a few hours preceding the killing was of critical significance to the state's case. On cross-examination of Dobbins, defense counsel attempted to question Dobbins concerning the murder charges against him and the circumstances surrounding the dismissal of those charges. When the state objected to this line of inquiry, defense counsel made a formal offer to prove that Edmund Dobbins was charged by information dated March 25, 1968 with the same murder for which the defendant Wills stood charged, and that upon motion of the prosecuting attorney the murder charge against Dobbins was dismissed prior to the trial of defendant Wills. The purpose of the proposed inquiry was to determine the effect the dismissal had upon

Dobbins' testimony as a witness for the state. The refusal of the trial court to permit such cross-examination was first announced as being for the reason that only prior convictions could be shown to affect the credibility of a witness, not prior arrests. Before giving his final ruling, however, the trial court also stated that if the witness

> was now charged as a co-conspirator in some way or even if the separate charge against two men was still existent, then I would be inclined to let you proceed because it would have a bearing on the credibility of the witness and any pressures that might be upon him. I think, however, in view of the fact that he was [is] not under pressure as far as being charged with this crime and can't be in the future, that I would sustain the objection.

However, as we read the record, the purpose of the offer of proof was not to attack the credibility of the witness by showing a prior arrest; and the fact that Dobbins was not then charged with the murder of George Love did not foreclose proper inquiry into other areas of likely interest resulting from dismissal of the murder charge against him.

■ The rule is that cross-examination of a witness for the purpose of showing bias, prejudice or interest is a matter of right, but the scope or extent of such cross-examination is a matter within the discretion of the trial court. *State v. Robbins,* 35 Wn.2d 389, 213 P.2d 310 (1950); *State v. Cerenzia,* 134 Wash. 500, 236 P. 80 (1925). The entire case against the defendant was based upon circumstantial evidence. The most damaging testimony was that given by the witness Dobbins.[1] The defendant was entitled to cross-examine Dobbins regarding the circumstances of the dismissal of the charges against him so that the jury could consider and weigh his testimony in its proper perspective. The scope and extent of that cross-examination was within the discretion of the trial court but its refusal to allow any cross-examination into that area constitutes reversible error.

---

[1]*Cf. State v. Tate,* 2 Wn. App. 241, 469 P.2d. 999 (1970).

We have considered defendant's remaining assignments of error and find them to be without merit.

The judgment is reversed and a new trial granted.

GREEN and MUNSON, JJ., concur.

Petition for rehearing denied January 8, 1971.

Review denied by Supreme Court February 23, 1971.