[No. 612-41117-1.    Division One—Panel 1.    December 28, 1970.]

THE STATE OF WASHINGTON, *Respondent*, v. ROOSEVELT PRISTELL, *Appellant*.

*Phil Mahoney,* for appellant (appointed counsel for appeal).

*Charles O. Carroll, Prosecuting Attorney,* and *Stuart Cohen, Deputy,* for respondent.

FARRIS, J.—The appellant Roosevelt Pristell was charged by information with the crime of violation of the Uniform Narcotic Drug Act (RCW 69.33) in that he illegally possessed the narcotic drug heroin. The appellant was found guilty as charged after a trial by jury. He appeals from that conviction.

Two detectives from the narcotics division of the Seattle police department served a bench warrant for the arrest of James Morrow at the Motor Hotel in Seattle. The validity of this warrant is not an issue on appeal. In answer to a knock, James Morrow opened the door and was immediately arrested, searched and handcuffed by the detectives. Four other people were in the apartment including the appellant who was seated at the end of a sofa and appeared to be asleep. The detectives observed some narcotic paraphernalia in the apartment including a burned spoon, a syringe, a knotted nylon stocking and cotton. The appellant was partially covered by a black coat which was removed in order to determine whether appellant had a weapon under the coat. When asked for identification, appellant rose to his feet and thereby revealed a broken vial containing a beige-white powder which was subsequently identified as heroin. The location of the vial was approximately where the appellant had been sitting on the couch. Traces of the powder were found both on the couch and on appel-

lant's trousers. Appellant was immediately placed under arrest and searched by the officers. The search yielded eight balloons which were found in appellant's pocket and revealed needle marks on the appellant's arm. Appellant was subsequently convicted of possession of heroin.

Appellant first challenges the sufficiency of the evidence to support a conviction for possession of a narcotic drug. When the sufficiency of the evidence is challenged by a defendant in a criminal case, all reasonable inferences must be drawn in favor of the state and the evidence must be interpreted most strongly against the defendant. *State v. McDaniels,* 30 Wn.2d 76, 190 P.2d 705 (1948); *State v. Costello,* 59 Wn.2d 325, 367 P.2d 816 (1962). Our inquiry is limited to a determination of whether the state produced substantial evidence tending to establish circumstances from which the jury could logically and reasonably conclude that appellant possessed the heroin as charged. *See State v. Myers,* 65 Wn.2d 911, 400 P.2d 372 (1965). We do not weigh the evidence or determine whether the evidence excludes beyond a reasonable doubt every reasonable hypothesis other than the defendant's guilt. This determination is the sole province of the jury. *State v. Bauman,* 77 W.D.2d 951, 468 P.2d 684 (1970); *State v. Carlson,* 2 Wn. App. 104, 466 P.2d 539 (1970). When there is any evidence, however slight, and the evidence is conflicting or is such that reasonable minds may draw different conclusions therefrom, the question is for the jury. *State v. Reynolds,* 51 Wn.2d 830, 322 P.2d 356 (1958). Although the evidence here was circumstantial, it was sufficient to enable the jury to logically and reasonably conclude that appellant possessed the heroin as charged.

Appellant next contends that the search conducted by the detectives was unlawful and that evidence seized through that search should have been suppressed. Officers may make a reasonable search for weapons when making a valid arrest or when the persons with whom they are dealing might be armed and presently dangerous. *Terry v. Ohio,* 392 U.S. 1, 20 L. Ed. 2d 889, 88 S. Ct. 1868 (1968). The

officers testified that appellant was covered by a jacket at the time they entered the apartment and that they believed he may have been concealing a weapon under the jacket. The search which they made under these circumstances was reasonable and constitutional.

As a result of this search, the vial of heroin came within the detectives' plain sight. Such evidence may properly be seized. *Harris v. United States,* 390 U.S. 234, 19 L. Ed. 2d 1067, 88 S. Ct. 992 (1968); *State v. Martin,* 73 Wn.2d 616, 440 P.2d 429 (1968).

Observation of the vial was sufficient for these officers—members of the narcotics division of the police department—to form a reasonable belief that a crime had been committed, was being committed or was about to be committed by appellant. *See State v. Poe,* 74 Wn.2d 425, 445 P.2d 196 (1968). Since the arrest of appellant was based upon probable cause, the search incident to that arrest was proper, and the fruits of the search are admissible into evidence. *State v. Wilson,* 70 Wn.2d 638, 424 P.2d 650 (1967); *State v. Mannhalt,* 1 Wn. App. 598, 462 P.2d 970 (1969).

At trial a drug vial was admitted for purposes of illustrating to the jury what the vial looked like intact, and evidence regarding the value of such a vial of heroin was also introduced. Appellant argues that this was prejudicial in that it suggested to the jury that he was engaged in the sale of heroin.

[M]odels, samples and objects offered in evidence for purely illustrative purposes must not only be relevant and material in character to the ultimate fact sought to be demonstrated by their use, but, additionally, must be supported by proof showing such evidence to be substantially like the real thing and substantially similar in operation and function to the object or contrivance in issue.

*State v. Gray,* 64 Wn.2d 979, 983, 395 P.2d 490 (1964). The vial here meets this test.

Testimony regarding the value of the heroin found near the appellant, though only slightly probative, was

nevertheless competent and relevant. It was offered to establish that the heroin was of value and therefore less likely to be carelessly misplaced. It was a circumstance that the jury could properly consider.

■ Appellant also assigns as error the trial court's denial of his motion for the state to produce certain statements of the police detectives. The rule is that an accused may not have access, as a matter of right, to evidence or statements of witnesses within the possession of the prosecution. *State v. Beard,* 74 Wn.2d 335, 444 P.2d 651 (1968); *State v. Petersen,* 47 Wn.2d 836, 289 P.2d 1013 (1955). The granting of discovery in a criminal case is a matter peculiarly within the discretion of the trial court. *State v. Beard, supra; State v. Thompson,* 54 Wn.2d 100, 338 P.2d 319 (1959). We find no abuse of discretion.

Affirmed.

JAMES, C. J., and SWANSON, J., concur.

Petition for rehearing denied February 16, 1971.

Review denied by Supreme Court March 8, 1971.