[No. 559-2.    Division Two.    October 27, 1971.]

THE STATE OF WASHINGTON, *Respondent*, v. LESLIE B. HODGE, *Appellant.*

---

*Jack E. Tanner* (of *Tanner & Burgess*), for appellant.

*Christopher T. Bayley, Prosecuting Attorney, Lee D. Yates* and *Michael P. Ruark, Deputies,* for respondent.

PEARSON, J.—Defendant appeals from a conviction under the Uniform Narcotic Drug Act for possession of heroin.

On the morning of January 14, 1970, Officer R. G. Kurttila of the Seattle Police Department narcotics unit testified that he received a tip from a reliable informant that on the previous evening the informant had been in the defendant's home at 525 19th Avenue, Seattle, and had seen what appeared to be a sale of heroin between defendant and another person. It was further stated by the informant that defendant had retained the bulk of the quantity of heroin observed, and that on two other occasions in the past 3 days the informant had observed heroin in the defendant's residence. Officer Kurttila claimed to have known the informant for 3 years, during which time the informant had provided other valuable information, leading to the arrest and conviction of others engaged in the heroin traffic. Also, the informant himself was a heroin user and was, therefore, familiar with the drug.

Officer Kurttila drafted an affidavit[1] and presented it to

---

[1]The subscribed affidavit of R. G. Kurttila stated: "That he is a member of the Seattle Police Department assigned to the Narcotic's [sic] Unit:

"That during the morning hours of Wednesday, January 14, 1970, your affiant received information from a reliable informant; said informant has been known to your affiant for a period of three years, during which time he has provided much information to your affiant

Judge Evans Manolides. A search warrant was obtained, and on the afternoon of January 14, 1970 Officer Kurttila and several other officers went to defendant's residence. The defendant allowed the officers to enter, and Kurttila immediately reached into defendant's trousers pocket and obtained a small packet, later found to contain heroin.

Defendant contends on appeal that the evidence obtained in the search should have been suppressed at trial, as the affidavit accompanying the search warrant did not provide sufficient basic facts for an independent determination by Judge Manolides that there was probable cause for the issuance of the warrant.

██ It is well established that affidavits of probable cause are tested by much less rigorous standards than those governing the admissibility of evidence at trial, and issuing magistrates are not to be confined by restrictions on the use of their common sense. Furthermore, a magistrate's determination of probable cause should be paid great deference by

in the narcotics unit of the Seattle Police Department; that said information has led to the arrest and conviction of numerous persons, and to the recovery of quantities of narcotic and dangerous drugs; that said informant is acquainted with narcotic drugs, especially heroin, because he is known to your affiant as a user of said drug;

"That said informant told your affiant that he had been in the residence of one Les Hodge, 525 19th Avenue, Seattle, during the late evening hours of January 13, 1970; that while in the living room of said residence he observed what appeared to him to be a sale transaction of heroin; that the substance passed appeared to him from his experience in the use of the drug to be heroin; that the quantity of heroin he observed was larger than a user would keep for normal personal use; that said informant has seen heroin in said residence on two other occasions in the past three days; that said Les Hodge retained the bulk of the quantity of heroin seen by said informant following the conclusion of the suspected sale;

"That Les Hodge has been known to your affiant since 1963 as a person suspected of dealing in narcotics; that during this entire period said Les Hodge has been known to your affiant to have been residing at 525 19th Avenue, Seattle;

"That on the basis of the above information, your affiant believes a quantity of narcotic drugs, to-wit; heroin are located in the residence of 525 19th Avenue, Seattle, King County, Washington.

"(signed) _____
"R. G. Kurttila"

reviewing courts. *Spinelli v. United States,* 393 U.S. 410, 21 L. Ed. 2d 637, 89 S. Ct. 584 (1969); *State v. Harrison,* 5 Wn. App. 454, 488 P.2d 532 (1971). When the person seeking a search warrant lacks personal knowledge, and is relying upon information supplied by an unidentified informer, the affidavit must be analyzed within the framework of the 2-pronged test enunciated in *Aguilar v. Texas,* 378 U.S. 108, 12 L. Ed. 2d 723, 84 S. Ct. 1509 (1964). In that case, the United States Supreme Court said at page 114:

> Although an affidavit may be based on hearsay information and need not reflect the direct personal observations of the affiant, *Jones* v. *United States,* 362 U. S. 257 [4 L. Ed. 2d 697, 80 S. Ct. 725, 78 A.L.R.2d 233], the magistrate must be informed of some of the underlying circumstances from which the informant concluded that the narcotics were where he claimed they were, and some of the underlying circumstances from which the officer concluded that the informant, . . . was "credible" or his information "reliable."

(Footnote omitted.)

Applying this test to the affidavit of Officer Kurttila, it is clear that sufficient underlying circumstances were present from which the informant reasonably concluded that narcotics were in defendant's residence. He had observed heroin there on January 13 and two other times in the previous 3 days. The bulk of the heroin observed was retained by defendant. The information was a result of the informer's personal observations and consequently the affidavit was not based upon unreliable double hearsay or rumors. There was a substantial factual basis to support the ultimate conclusion that the narcotics were probably located at the place contemplated by the search, as required in *State v. Peterson,* 3 Wn. App. 946, 478 P.2d 745 (1970).

There was also sufficient underlying circumstance set forth in the affidavit to establish that the informant "was 'credible' or his information 'reliable.' " The informant, a heroin user, knew what the drug looked like. He had, for 3 years, provided the police with reliable information leading to the arrest and conviction of numerous persons, and lead-

ing to the recovery of quantities of narcotics and dangerous drugs. Although *Spinelli v. United States, supra,* makes it clear that corroboration of an informer's tip by police suspicions is insufficient in itself to establish the informer's reliability or the credibility of the information he supplies, it is of some significance that the defendant had been under police suspicion of narcotics dealings since 1963. We conclude that the requirements of *Aguilar v. Texas, supra,* and *Spinelli v. United States, supra* have been met.

Fully in accord with this decision is *State v. Walcott,* 72 Wn.2d 959, 435 P.2d 994 (1967), *cert. denied,* 393 U.S. 890, 21 L. Ed. 2d 169, 89 S. Ct. 211 (1968), where it was held that even though the police had obtained no past information from an informant, the fact that her "tips" corresponded with five addresses, subject to prior narcotics investigations by the police, sufficiently established the reliability of her information.

We reject the argument advanced that because the record does not show an oral interrogation of Officer Kurttila by Judge Manolides that we must conclude or presume that the judge did not make an independent determination of probable cause. Since the judge had before him a constitutionally valid affidavit establishing probable cause, we will presume that he read it, considered its contents, and exercised independent discretion in issuing the warrant.

Affirmed.

PETRIE, C.J., and ARMSTRONG, J., concur.

Petition for rehearing denied November 29, 1971.