[No. 1491-2.    Division Two.    May 20, 1975.]

THE STATE OF WASHINGTON, *Respondent,* v. JAMES D. THOMPSON, *Appellant.*

Lawrence W. Moore, for appellant.

Donald F. Herron, Prosecuting Attorney, and Joseph D. Mladinov, Special Counsel, for respondent.

LEAHY, A.C.J.*—This is an appeal from a conviction of possession of heroin.

On November 6, 1973, several officers of the Tacoma Police Department executed a search warrant on the premises at 2531 South Ainsworth in Tacoma at about 8 p.m. In doing so, the officers found three individuals on the premises, one being the defendant, James D. Thompson. The officers also found marijuana on one of the tables in the west bedroom, about one-half ounce of heroin outside the window of the south bedroom in the gutter, and some syringes and spoons in the downstairs bathroom, all on said premises.

All three individuals were arrested and taken into custody. On January 24, 1974, the defendant moved to suppress the above evidence on the grounds of insufficiency of the affidavit upon which the search warrant was based. The motion was denied.

During the trial, the court denied the defendant the opportunity to cross-examine the State's witness, Michael Addison, in reference to any alleged criminal charges then pending against him. An offer of proof was made in which it developed that a charge for the possession of narcotics was pending, to which he was going to plead guilty. Further, the witness testified in the offer of proof that no one had told him that he would receive leniency or more favor-

---

*Judge Lawrence Leahy is serving as a judge pro tempore of the Court of Appeals pursuant to Laws of 1973, ch. 114.

able recommendations if he gave testimony in this case and in addition, the witness said that he had never told the prosecutor that he would plead guilty, and in fact had never talked to the prosecutor about it.

Also, during the trial a police officer, over the defendant's objections, gave testimony in reference to the *use* of the narcotics paraphernalia found on the premises in connection with the search warrant. The basis for the objection was that the prejudicial effect of such testimony outweighed the relevance. The objection was overruled.

The issues before this court on appeal are:

1. Did the affidavit in support of the search warrant contain sufficient information to establish probable cause for the search?

2. Did the court improperly restrict cross-examination of an adverse witness?

3. Was the testimony regarding the use of narcotics paraphernalia irrelevant and/or unduly prejudicial?

### ADEQUACY OF THE SEARCH WARRANT.

The affidavit, in pertinent part, is as follows:

That affiant's belief is based upon the following facts and circumstances:

*That a confidential informant told me that she/he observed heroin being dealt from within the above residence. My informant's reliability is based on information given to me in the past which lead [sic] to two arrests. In addition my informant has given me information about drug users and pushers which I have substantiated from other sources.*

The above residence is occupied by a JIMMIE THOMPSON, the son of INEZ THOMPSON, who is presently serving a 6 months term in our jail for drug violation. I have been keeping this house under surveillance and have observed much traffic coming and going from this residence. On 6/26/73 I learned information from another reliable source that a JEFF COCKRELL was dealing heroin from this residence for the above INEZ THOMPSON. Since then the house has been under a loose surveillance.

I have been working narcotics for the past 4 years and have learned upon entering the residences for the pur-

pose of searching for drugs many times those inside secret [*sic*] the drugs on their person to avoid detection. (Italics ours.)

█ The question to be resolved is: Does this affidavit meet the two-pronged test of *Aguilar v. Texas*, 378 U.S. 108, 12 L. Ed. 2d 723, 84 S. Ct. 1509 (1964), and the Washington State decisions interpreting that ruling?

The two-pronged test is (a) reliability of the factual information, and (b) reliability of the informant.

The pertinent factual information presented to the judicial officer in this affidavit was as follows:

(1) The informant had personally been in the residence to be searched.
(2) While there he had personally witnessed heroin being dealt.

The pertinent factual basis presented to the judicial officer as to the reliability of the informant was as follows:

(1) The informant had given information in the past which led to two arrests.
(2) The informant had given information about drug users and pushers which was substantiated from other sources.

█ In reference to the reliability of the factual information, this court held in the case of *State v. White*, 10 Wn. App. 273, 277, 518 P.2d 245 (1973), as follows:

The reliability of the information may be established by a showing that the informant based his assertions on *direct personal observations*, or upon the reasonableness of the underlying circumstances, sources, or facts upon which the informant reached his conclusion. In every case, the informant's information must go beyond a mere unsupported conclusion, belief, or suspicion that the illegal activities are occurring or will occur.

(Italics ours.) *See also State v. Walcott*, 72 Wn.2d 959, 435 P.2d 994 (1967); *State v. Wilson*, 9 Wn. App. 909, 515 P.2d 832 (1973); *State v. Hodge*, 5 Wn. App. 639, 490 P.2d 126 (1971).

■ In reference to the reliability of the informant, this court held in the case of *State v. Chatmon*, 9 Wn. App. 741, 746, 515 P.2d 530 (1973), as follows:

> *Aguilar*'s second prong—the necessary demonstration of some indicia of the informant's reliability. . . . [I]t is axiomatic under the *Aguilar-Spinelli* rule that the police must ascertain some information which would *reasonably support an inference* that the informant is telling the truth.

(Italics ours.) *See also State v. Hodge, supra; State v. Wilson, supra.* In *Wilson*, at page 911, the court stated: "that his informant had provided reliable information concerning violations of 'state drug laws' on a number of occasions; . . ."

The past reliability of the informant on similar occasions certainly "reasonably support[s] an inference that the informant [here] is telling the truth."

The affidavit which was the basis for the search warrant issued in this case very adequately fulfilled the requirements of the two-pronged test of *Aguilar v. Texas, supra.*

CROSS-EXAMINATION OF THE ADVERSE WITNESS.

■ While it may have been more advisable for the trial court to have allowed the challenged testimony to be admitted, it was not prejudicial error under the facts of this case not to do so.

> [C]ross-examination of a witness for the purpose of showing bias, prejudice or interest is a matter of right, but the scope or extent of such cross-examination is a matter within the discretion of the trial court.

*State v. Wills*, 3 Wn. App. 643, 645, 476 P.2d 711 (1970).

> *Where a criminal case may stand or fall on the jury's belief or disbelief of one witness*, his credibility is subject to close scrutiny. Although the cross-examination of a prosecution witness is subject to the discretion of the trial court, great latitude is allowed in cross-examining an *essential* prosecution witness to show motive for his testimony.

(Italics ours.) *State v. Tate*, 2 Wn. App. 241, 247, 469 P.2d 999 (1970).

In this case on appeal, the testimony of the witness, Addison, was not on the same high level of importance and necessity in the proof of the State's case as was the testimony of the adverse witnesses referred to in *State v. Wills*, *supra*, and *State v. Tate, supra.* The testimony of Addison is in the nature of corroboration. His testimony was not "essential."

In addition, it should be noted that on direct examination by the State, Addison admitted that he had been convicted and imprisoned for robbery in 1972.

After reviewing the offer of proof made by the defendant, which is discussed in the preceding statement of facts of this opinion, it does not appear, under the facts of this case, that the defendant made a sufficient showing in his offer of proof to warrant a holding that the court abused its discretion in limiting the cross-examination.

### TESTIMONY REGARDING THE USE OF NARCOTICS PARAPHERNALIA.

The test that is applied where there is a question regarding the admissibility of evidence of other crimes, or of any evidence with an inflammatory potential, is whether or not its probative value is outweighed by its prejudicial effect.

*State v. Draper*, 10 Wn. App. 802, 805, 521 P.2d 53 (1974).

"The balancing process is within the sound discretion of the trial court, . . ." *State v. Westlund*, 13 Wn. App. 460, 536 P.2d 20. *See also State v. Adams*, 76 Wn.2d 650, 458 P.2d 558 (1969).

Any possible prejudice resulting from the nature of this testimony was outweighed by its relevancy.

The discretion exercised by the trial court was not abused.

Affirmed.

JOHNSON and RUMMEL, JJ. Pro Tem., concur.