[No. 1626-2.    Division Two.    December 31, 1975.]

THE STATE OF WASHINGTON, *Respondent*, v. DAVID H. LAURSEN, ET AL, *Appellants.*

*Richard W. Pierson* (of *Thom, Mussehl, Navoni, Hoff & Pierson*), for appellants.

*Henry R. Dunn, Prosecuting Attorney,* and *James E. Warme, Chief Deputy,* for respondent.

PETRIE, C.J.—Defendants, David H. and Jois Irene Laursen, husband and wife, were both convicted on two counts of possession of drugs in violation of RCW 69.50.401 (c). Defendants' two principal contentions on appeal are that: (1) evidence used against them should have been suppressed because it was seized in an unlawful search of their premises; and (2) evidence of their possession of the contraband drugs was insufficient to support their convictions.

In the afternoon of May 3, 1974, Longview police officers executed a search warrant on defendants' premises in a sparsely populated part of the city of Longview. Although the search of defendants' dwelling yielded only sundry marijuana paraphernalia and less than 40 grams of actual marijuana residue, a search of defendants' surrounding property resulted in the seizure of 15 baggies of marijuana and 800 amphetamine pills.

On appeal, defendants challenge the sufficiency of the affidavit which provided the basis for issuance of the

search warrant. They contend the State has failed to prove the reliability of the information contained in the affidavit and the reliability of the informant who supplied the information. Once again, therefore, we are required to reexamine the "two-pronged" *Aguilar-Spinelli* test which enunciates the constitutional criteria against which an affidavit offered in support of a search warrant must be measured for the purpose of determining probable cause for the issuance of the warrant. *Aguilar v. Texas*, 378 U.S. 108, 12 L. Ed. 2d 723, 84 S. Ct. 1509 (1964); *Spinelli v. United States*, 393 U.S. 410, 21 L. Ed. 2d 637, 89 S. Ct. 584 (1969). An affidavit is sufficient to establish the probable cause required by *Aguilar-Spinelli* when, from the facts contained therein, a magistrate can make an affirmative independent determination that both the information and the informant are reliable. *State v. Helmka*, 86 Wn.2d 91, 542 P.2d 115 (1975); *State v. Thompson*, 13 Wn. App. 526, 536 P.2d 683 (1975).

The affidavit, which was executed by Officer Davidson, states in part:

On 5-2-74, I was contacted by a reliable informant who stated he was on the premises of 4453 Sunset Way, Longview, Washington, within the last 48 hours and that while on those premises, observed a quantity of Marijuana. Though this informant has never personally given me information before, in checking with Sgt. Jackson I found that he had made a check with a George Harrison of the Bureau of Narcotics and had found that this informant over an eight months period had given them information which resulted in twenty-five drug cases for the Bureau of Narcotics. Sgt. Jackson advised me that in checking with the Bureau of Narcotics, each and everything the informant had told him was found to be true.

█ We hold, first, this affidavit satisfies the first prong of the *Aguilar-Spinelli* test—reliability of the factual information. Because the informant based his assertions of criminal activity on direct personal observation, the information constituted more than mere unsupported conclusions, beliefs, and suspicions condemned in *Aguilar* and *Spinelli*.

*See State v. White*, 10 Wn. App. 273, 518 P.2d 245 (1973); *State v. Hodge*, 5 Wn. App. 639, 490 P.2d 126 (1971). Thus, the factual information in the affidavit was sufficiently reliable to establish probable cause to search if the source of that information can be established as reliable.

■   This brings us to consideration of the second prong of the *Aguilar-Spinelli* test. The reliability of Officer Davidson's undisclosed informant was attested to by a fellow officer, Sergeant Jackson, who in turn had received his information from the Bureau of Narcotics. An informant's past reliability on similar matters reasonably supports an inference of present reliability, *State v. Thompson, supra; State v. Hodge, supra*. We are now confronted, however, with the further question of whether that past reliability can be established through so-called *double hearsay*.

■   An affiant, seeking a search warrant, can base his information on simple hearsay. *Jones v. United States*, 362 U.S. 257, 4 L. Ed. 2d 697, 80 S. Ct. 725, 78 A.L.R.2d 233 (1960); *State v. Hodge, supra*. In fact, such is often the case. In reference to double hearsay, it has been held that when a magistrate receives an affidavit containing such twice-removed statements, he need not summarily reject this double hearsay information, but should evaluate the information in order to determine whether the affiant's immediate informant gathered *his* information in a reliable way and from a reliable source. *United States v. Wilson*, 479 F.2d 936 (7th Cir. 1973); *United States v. Kleve,* 465 F.2d 187 (8th Cir. 1972).

The information presented in Officer Davidson's affidavit should be accorded a reasonable degree of reliability because an affiant, seeking a search warrant, can base his information on information in turn supplied him by fellow officers. *United States v. Ventresca*, 380 U.S. 102, 13 L. Ed. 2d 684, 85 S. Ct. 741 (1965); *United States v. Steed*, 465 F. 2d 1310 (9th Cir.), *cert. denied*, 409 U.S. 1078, 34 L. Ed. 2d 667, 93 S. Ct. 697 (1972).

Because the informant's information was acquired first-hand and the affiant certified that this informant had sup-

plied reliable information of similar import to another government agency over an extended period of time, there was sufficient corroboration to justify issuance of the warrant. *Spinelli v. United States, supra.* We hold, therefore, there was probable cause to make the search and the evidence obtained was properly admitted at trial.

Defendants next assert there was insufficient evidence to prove they *possessed* the drugs. When a defendant in a criminal matter challenges the sufficiency of the evidence, the evidence and all reasonable inferences therefrom are to be construed in a manner most favorable to the State. *State v. Costello,* 59 Wn.2d 325, 367 P.2d 816 (1962). Our sole inquiry on this issue is whether there was substantial evidence from which the jury could find defendants possessed the drugs. *State v. Pristell,* 3 Wn. App. 962, 478 P.2d 743 (1970).

Because there was no allegation that the drugs were ever in the *actual* possession of the defendants, their conviction can be sustained only upon a showing of *constructive* possession. Defendants contend that because the drugs were found some 75 feet from their house, although on their property, the State failed to prove constructive possession. We disagree.

Although the contraband was not found within or immediately adjacent to defendants' house, it was found on their property in locations which are relatively inaccessible to other persons. No one else resided with the Laursens, and their nearest neighbor lived 300 yards away. This circumstantial evidence in addition to the unlikelihood that a third party would place such valuable material on defendants' property is sufficient for a jury to find that the Laursens constructively possessed the contraband found on their premises. *State v. Emerson,* 5 Wn. App. 630, 489 P.2d 1138 (1971); *see State v. Liles,* 11 Wn. App. 166, 521 P.2d 973 (1974).

Defendants finally assert that the trial court abused its discretion in refusing to grant them probation based on the recommendation of presentence reports. The trial court

ordered and considered the presentence reports of each defendant. This court cannot say as a matter of law that the sentences imposed constituted an abuse of judicial discretion. *State v. Langford*, 12 Wn. App. 228, 529 P.2d 839 (1974).

Judgment affirmed.

PEARSON and REED, JJ., concur.