[Crim. No. 6315. Second Dist., Div. One. Dec. 22, 1958.]

THE PEOPLE, Respondent, v. JAMES ROBINSON, Appellant.

Earl Klein for Appellant.

Edmund G. Brown, Attorney General, William E. James, Assistant Attorney General, and Arthur C. DeGoede, Deputy Attorney General, for Respondent.

LILLIE, J.—Defendant was convicted by a jury of possession of marijuana under section 11500, Health and Safety Code, and sentenced to the state prison. He appeals from the judgment of conviction and order denying motion for new trial.

The prosecution's evidence discloses that at approximately 8:30 p.m. on the evening of defendant's arrest, Officer Charles Fantuzzi, in the presence of two other officers, received information from a confidential informant that he had been in defendant's apartment the day before, saw him sell marijuana and that he was in possession of marijuana there "now" at a certain location. One-half hour later the officers, without a search warrant or warrant of arrest, arrived at the premises. As they approached the front door of defendant's apartment, one Crowley emerged therefrom and upon learning they were police officers, slammed the door shut. They arrested Crowley and made entry. An altercation ensued, defendant claiming he did not know they were officers, and after handcuffing him, the officers searched the premises and found seven marijuana cigarettes on the floor of the hall leading to the bathroom and loose marijuana on the floor around and in the toilet bowl. Defendant told them he was not a peddler and that the marijuana was for his own use.

Defendant testified he did not use marijuana, did not have any in his possession, had none in the apartment, did not see any there and did not know the officers claimed they found marijuana in his apartment until they took him to the police station. He denied having made contrary statements to the officers.

At the hearing on probable cause in the absence of the jury, Officer Fantuzzi was examined concerning defendant's arrest and subsequent search. At the outset the defense objected to the introduction of any evidence on the ground defendant's apartment and person were searched without probable cause. On *voir dire*, the officer testified he had known the informant for three years and the latter had given him reliable information concerning narcotics on three other occasions from August to October, 1957, leading to arrests or convictions; that he had

learned from other officers he was reliable; and that the informant told him he had been in defendant's home the day before when defendant had sold marijuana and "the marijuana is there now," defendant's address, the location and that he lived there with a blond-haired woman.

On cross-examination, the defense asked Officer Fantuzzi the names of the persons arrested on the three other occasions in reliance on previous information given by informant. The officer claimed "privilege on that answer." The prosecution objected on the ground that disclosure of the names would tend to lead to the identity of the informant. In sustaining the objection, the lower court declared: "Possibly, and then I don't know whether it is material." A second attempt to cross-examine the officer "on his reliability about the four (three) occasions" likewise resulted in a ruling precluding further inquiry on that point. The defense then asked Officer Fantuzzi the identity of the informant. He claimed privilege (under Code Civ. Proc., § 1881, subd. (5)), refusing to divulge the name, which refusal the trial court upheld.

Thereafter, the trial judge ruled that the officers had "reasonable cause" and ordered the prosecution to proceed with the trial on the merits. The defense then stated: "I think the record is adequately protected, so that when the offer of evidence does come, I won't make any objection during the trial, because the court has already ruled it is admissible," to which the court affirmatively responded.

Prejudicial error is claimed on two points—on *voir dire* the trial court limited cross-examination of the officer concerning the names of the persons previously arrested as a result of information supplied by the informant; and the trial judge did not require the officer on *voir dire* to disclose the identity of the informant. Appellant's real contention, however, is that his arrest was without probable cause making the subsequent search and seizure unlawful, and that in any event, he was entitled to have the name of the informant to aid him in the preparation of his defense. On the record before us we believe appellant's position on the issue of his arrest and search is well taken.

In answer to the claim that in preventing him from ascertaining the names of those arrested on prior information given by the informer, the trial court precluded defendant from inquiring into the reasonableness of the officer's reliance on the informer, which constituted the basis of his arrest and subsequent search, respondent argues that disclosure of their

names might divulge the identity of the confidential informant and in any event, the names are immaterial as relating only to collateral issues.

■ Since it was stipulated at the outset that the arrest and search of defendant's person and apartment were made without warrants, the burden of showing proper justification for the arrest, search and seizure then fell on the prosecution. (*Badillo* v. *Superior Court,* 46 Cal.2d 269 [294 P.2d 23].)

■ This it purported to assume on *voir dire* by eliciting testimony from Officer Fantuzzi that the officers arrested defendant in reliance on information given to him by a confidential informant, upon which he had previously relied. If this was the only information upon which they acted in making forcible entry and arresting defendant, it is clear under the ruling of *Priestly* v. *Superior Court,* 50 Cal.2d 812 [330 P.2d 39], the objection to the question concerning the names of the arrestees should have been overruled.

■ Officer Fantuzzi testified on *voir dire* that the arrest of defendant was made pursuant to the communication he received from the confidential informant. The record discloses that this was the only basis of defendant's arrest. Respondent argues briefly that "the police had more than mere information to sustain the arrest" and alludes to the evidence that prior to entry, one Crowley emerged from defendant's apartment and upon learning they were police officers, slammed the door. Although Officer Fantuzzi related this evidence on *voir dire* a reading of his testimony discloses that he described the occurrence only in passing and then as a part of a sequence of acts leading up to the entry of the premises. He testified to it at the end of his direct examination and not as a part of that upon which he based the arrest of defendant. Furthermore, he did not recount what if anything he did with Crowley or what if any connection Crowley had with defendant. He did not anywhere in his testimony refer to the encounter with Crowley as any justification for entry of the premises and the subsequent arrest of defendant. Even had he done so, we hardly think that evidence of a stranger leaving defendant's apartment and slamming the door shut is sufficient evidence apart from the communication of a confidential informant to establish probable cause for his arrest.

■ The objection that the disclosure of the names of the arrestees might divulge the identity of the informant is completely answered by the Supreme Court in *Priestly* v. *Superior*

*Court,* 50 Cal.2d 812 [330 P.2d 39]. Following the federal rule that requires the government to disclose the identity of the informant unless there is sufficient evidence apart from the confidential communication to establish probable cause the court held at page 818: "If testimony of communications from a confidential informer is necessary to establish the legality of a search, the defendant must be given a fair opportunity to rebut that testimony. He must therefore be permitted to ascertain the identity of the informer, since the legality of the officer's action depends upon the credibility of the information, not upon facts that he directly witnessed and upon which he could be cross-examined. . . . When the prosecution relies instead on communications from an informer to show reasonable cause and has itself elicited testimony as to those communications on direct examination, it is essential to a fair trial that the defendant have the right to cross-examine as to the source of those communications."

On the issue whether the defense had the right to a disclosure of the names to test the reasonableness of the officer's reliance on his informant and the credibility of the officer himself, we deem the answer to the question to which the objection was sustained to be material. The defendant had a right to learn the names of those previously arrested upon information given by the same informant, that he might ascertain if the officer was telling the truth or whether the officer used poor judgment in relying upon this particular informant. Certainly, had defendant, after learning the names, checked official records and found that these three persons had never actually been arrested or, if so, on a charge other than for narcotics offenses, the officer's credibility would have been irreparably shaken. Had a check revealed that the three had been arrested but not one had been held on preliminary hearing; or all or one or more had been released by police or their cases dismissed by the district attorney, this fact would surely have constituted a substantial showing that the officer exercised poor judgment in relying upon further information from the same informant which, of course, would go to the weight of the evidence.

It must be borne in mind that the trial court and not the police officer must determine whether the latter's action is based upon probable cause, and when he testifies that he based the legality of an arrest on information given by a confidential informant, the court in deciding that probable cause existed for the arrest must find that the informant was reliable, the officer

relied upon his information and the officer is telling the truth. "It is the officer's credibility and the soundness of his reasons for relying upon his informant that must impress the court before it can determine that the officer was authorized to make the arrest." (*People* v. *White,* 159 Cal.App.2d 586 [324 P.2d 296]; *People* v. *Weathers,* 162 Cal.App.2d 545 [328 P.2d 222].) ■ It follows, therefore, on the hearing of probable cause, the defendant has the same right to present a defense on the determination of the reasonableness of the arrest or search as he does on the issue of his guilt at the trial (*People* v. *Lawrence,* 149 Cal.App.2d 435 [308 P.2d 821]). ■ Since the legality of Officer Fantuzzi's conduct in arresting the defendant depended on his credibility and the truth of the information upon which he relied, defendant should have been permitted a fair opportunity to rebut his testimony. The evidence in this case presents a situation similar to that involving the search in *Priestly* v. *Superior Court,* 50 Cal.2d 812 [330 P.2d 39]. The theory of the Supreme Court relating to disclosure of the identity of the informer in that case, we believe, should apply with equal force, under the circumstances of the case at bar, to the identity of the persons arrested on previous information given by the informer. ■ The court said at page 818: "If an officer were allowed to establish unimpeachably the lawfulness of a search merely by testifying that he received justifying information from a reliable person whose identity cannot be revealed, he would become the sole judge of what is probable cause to make the search. Such a holding would destroy the exclusionary rule. Only by requiring disclosure and giving the defendant an opportunity to present contrary or impeaching evidence as to the *truth of the officer's testimony and the reasonableness* of his reliance on the informer can the court make a fair determination of the issue." (Emphasis added.)

Respondent has argued that appellant is precluded from taking advantage of the Supreme Court's pronouncements in *Priestly* v. *Superior Court,* 50 Cal.2d 812 [330 P.2d 39], because he made no motion to strike the officer's testimony. There is no merit to this contention. The record discloses that at the outset of the *voir dire* examination, the defense interposed an objection to the introduction of any evidence on the ground defendant's apartment and person were searched without probable cause. Of course, under the circumstances at bar, if the arrest was illegal, so then was the subsequent search and seizure. Again at the close of the hearing on probable cause,

after the trial court had ordered the prosecution to proceed on the merits, defendant voiced his objection and believing his record to be adequately protected, advised the court that to eliminate interruption of the proceedings before the jury, he would not object during the trial. The response of the trial judge to this statement was "yes." It is well settled that where "the challenged evidence was obviously inadmissible at the time it was offered and appropriate objection was made to its introduction, a subsequent motion to strike is not necessary to preserve the error on appeal." (*Dolton* v. *Green*, 72 Cal.App.2d 427, 440 [164 P.2d 795].)

We have considered appellant's second contention that it was error to refuse disclosure of the informer's identity on the ground that it prevented him from properly preparing his defense on the issue of guilt but deem it unnecessary to decide the same, having already concluded herein that the trial judge committed prejudicial error in denying defendant disclosure of the names of both those arrested and the informant on the determination of the issue of probable cause for defendant's arrest.

For the foregoing reasons the judgment and order denying motion for new trial are, and the same is each reversed, and the matter remanded for a new trial.

White, P. J., and Fourt, J., concurred.

Respondent's petition for a hearing by the Supreme Court was denied February 18, 1959. Shenk, J., and Spence, J., were of the opinion that the petition should be granted.