[Crim. No. 2948.   Third Dist.   Sept. 2, 1959.]

THE PEOPLE, Respondent, v. HURCHEL E. BOYD, Appellant.

*Assigned by Chairman of Judicial Council.

Charles Luther, under appointment by the District Court of Appeal, for Appellant.

Stanley Mosk, Attorney General, Doris H. Maier and Lloyd Hinkelman, Deputy Attorneys General, for Respondent.

PEEK, Acting P. J.—The defendant was found guilty of the possession of narcotics in violation of section 11500 of the Health and Safety Code. He now appeals, contending that his arrest was illegal in that the search incident thereto was illegal, and that the trial court erred in unduly restricting his cross-examination of one of the police officers. It is our conclusion that under the particular circumstances of the case, both contentions are without merit.

The record shows that defendant's arrest resulted from information supplied to Stockton police officers by one Harry Bray that narcotics were being sold at a house occupied by defendant and one Christiansen; that Bray had made no purchases from the defendant but had made purchases from Christiansen in the presence of defendant, and that the defendant was usually at the house at all hours. In the company of Bray, police officers proceeded to the house in question. While the officers watched, Bray went into the house and made a purchase from Christiansen. Failing in their at-

tempt to apprehend Christiansen, the officers returned to the house, and finding the front door open, they entered. Defendant was found lying on the floor of the bedroom and was placed under arrest, and the house and grounds were searched for some 30 or 35 minutes. It was not until defendant was dressing preparatory to being taken to the police station that a bindle containing heroin was found in a match box in the pocket of his shirt. Defendant stated to the officers that the shirt was his.

During the course of cross-examination of the main witness for the State, Officer Roop, defendant's counsel attempted to elicit testimony concerning the reliability of the informer Bray and the information given by him to the officers on previous occasions. The court, however, restricted counsel's attempt to so interrogate Roop.

At the conclusion of the State's case the district attorney, over the objection of counsel, introduced into evidence a statement made by the defendant to police officers on the day of his arrest. In this statement the defendant admitted that the shirt and the heroin found therein were his, and that he carried the narcotic because of an ulcer condition.

■ The mere presence of a person on the premises where officers have reason to believe there are narcotics will not justify either his arrest or a search of his person. (See *People v. Yet Ning Yee,* 145 Cal.App.2d 513, 516-517 [302 P.2d 616].) However where, as here, there are additional factors such as defendant's residence at the premises in question and his presence there when sales of narcotics were made, such evidence would appear to reasonably justify the belief that defendant had committed a felony. (*People v. Soto,* 144 Cal. App.2d 294, 300 [301 P.2d 45].)

A more serious issue is raised by defendant's second contention. There can be no question that the right of cross-examination has always been zealously guarded by the courts. ■ Here the legality of defendant's arrest and the search of the premises incident thereto was dependent upon and solely the result of information supplied by Bray. Necessarily the reliability of the informant, the truth of the information given by him to the officers, the credibility of the officer testifying and the soundness of his reasons for reliance upon such information were all matters which the defendant had a proper right to explore. (*People v. Robinson,* 166 Cal.App.2d 416, 421 [333 P.2d 120].)

However even if it be assumed, as defendant contends, that the court erred in each particular; that is, that the arrest of defendant and the search of the premises were illegal; that the defendant was improperly restricted in his cross-examination of the police officer and for the same reason no crime had been proven at the time the defendant's statement was admitted into evidence; nevertheless, the record here discloses what amounts to a confession by defendant made in open court. At the conclusion of the State's case the defendant took the stand in his own behalf and stated that the shirt in which the heroin was found was his; that he knew the contents of the paper to be heroin; that he kept the heroin for his ulcers; and that he had no prescription for the same.

■ Since the exclusionary rule set forth in the Cahan case (44 Cal.2d 434 [282 P.2d 905, 50 A.L.R.2d 513]) is one of evidence, no constitutional right of defendant has been violated. ■ But even assuming procedural error did exist, thus bringing the issue within the provisions of section 4½, article VI of the California Constitution, the confession of defendant removed all question of its prejudicial effect.

The judgment is affirmed.

Schottky, J., and Warne, J. pro tem.,* concurred.

---

*Assigned by. Chairman of Judicial Council.