[No. 546-1.  . Division One—Panel 1.    March 1, 1971.]

THE STATE OF WASHINGTON, *Respondent*, v. GERALD P. HACKETT, *Appellant*.

*Richard Powers*, for appellant (appointed counsel for appeal).

*Christopher T. Bayley, Prosecuting Attorney*, and *Marco J. Magnano, Jr., Deputy*, for respondent.

UTTER, J.—Gerald P. Hackett was convicted in a trial to the court of the crime of grand larceny for the theft of a stereo set. He appeals.

An investigation, following the theft, indicated his residence was in a Seattle hotel. Police officers proceeded there a few days later and were shown to his room by the manager. They heard music coming from inside the locked door, but upon knocking, received no answer. The manager informed the officers the defendant was still in the building and upon request from the officers, unlocked the defendant's door. As they entered the small twelve-by-sixteen room, the officers observed the stereo unit and speakers. The officers believed Hackett was in the room before entry but did not find him there and subsequently arrested him when he returned to the room.

The defendant urges error was committed when the court did not declare a mistrial following the statement by one of the officers during the trial that the defendant "had been involved in this sort of thing before." Counsel for both parties stipulated before the trial the testimony of the officers could be considered on both the merits and issues involved in a motion to suppress the evidence. The record reveals the criticized testimony was for the purpose of establishing probable cause for an arrest without a warrant, which, in turn, was the basis for the disputed seizure of the stereo. The judge indicated he considered the testimony for that purpose only. No error was committed in admitting the criticized statement.

It is next contended the stereo set was improperly admitted into evidence because it was obtained by an illegal search and seizure, inasmuch as there was no search warrant issued for defendant's premises. The existence of probable cause for the arrest of Hackett is not challenged. Where probable cause to believe a felony has been committed exists, the officers could enter his room, without a warrant, for the purpose of arresting him. *State v. Roff,* 70 Wn.2d 606, 424 P.2d 643 (1967). Once the officers are lawfully within that room, although the defendant is not present, objects falling within their view are subject to seizure, where there is probable cause to believe they were stolen, and may therefore be introduced into evidence. A search warrant was not necessary as there was no search. *State v. Roff, supra; State v. McIntyre,* 3 Wn. App. 799, 801, 478 P.2d 265 (1970).

The judgment of the trial court is affirmed.

HOROWITZ, C.J., and WILLIAMS, J., concur.

Petition for rehearing denied March 31, 1971.