[No. 489-2.    Division Two.    June 1, 1972.]

THE STATE OF WASHINGTON, *Respondent*, v. DANNY RAY BROOKS, *Appellant*.

*Arthur H. Reed* and *William L. Dowell*, for appellant (appointed counsel for appeal).

*Henry R. Dunn, Prosecuting Attorney*, and *Ronald B. Webster, Deputy*, for respondent.

PEARSON, J.—Defendant, Danny Ray Brooks, appeals his conviction under the dangerous drug act, RCW 69.40.061, for possession of methamphetamines and possession of marijuana. Error is assigned to the trial court's failure to suppress certain evidence, upon the claim that it was seized without a warrant and pursuant to a search incident to an unlawful arrest. We affirm the conviction.

The evidence disclosed that for approximately 1 month prior to defendant's arrest on January 18, 1971, Officer May-

field of the Cowlitz County Sheriff's office had been receiving information from an informant concerning defendant's use of dangerous drugs. The informant, whose identity was not disclosed, was considered reliable by Mayfield. He had twice previously provided information to Mayfield leading to two arrests and convictions, and had provided information to the sheriff's office a total of five times, from which three convictions had resulted.

Mayfield testified that between January 13 and 18, 1971, he had directed the informant to purchase methamphetamines from defendant. Money had been given to the informant for that purpose. Two purchases were consummated in that time, and the drugs were turned over to Mayfield.

On January 18, 1971, at approximately 5:20 p.m., Mayfield received information from the informant that defendant was at the Royal Cue Pool Hall, in the 1200 block of Commerce Street in Longview, and was in possession of methamphetamines and marijuana. Mayfield drove to the area and observed the defendant at 5:45 p.m., walking toward the Royal Cue with two other persons. Mayfield testified that as he viewed defendant in his rearview mirror, defendant appeared to be passing something from his pocket to his companions. Officer Mayfield then traveled with Officer Bourdage of the Longview Police Department to the Longview Police Station to obtain assistance in arresting the defendant. Bourdage mentioned that he had traffic warrants to serve on the defendant, but no other warrant was obtained.

After looking for defendant at two locations, the officers traveled to an apartment, where a friend of defendant's resided. While Mayfield was speaking to the person who opened the door, he observed defendant in the apartment, and heard him shout, "It's the cops." As Brooks ran, Mayfield shouted, "Brooks, you are under arrest." The officers broke the safety chain, entered the apartment, and reached the defendant as he was closing the bathroom door. A struggle ensued, during which Mayfield, from his position near the bathroom door, saw objects floating in the toilet

bowl. The objects were retrieved and were later discovered to be methamphetamines and marijuana. The traffic warrants were not in the officer's possession at the time of the arrest, nor was defendant advised of their existence, and their existence is not relevant to this case. It must be assumed, therefore, that the arrest was a warrantless one.

It is well established that an arrest without a warrant is lawful if the officer has probable cause to believe that the person he arrests has committed a felony or is in the process of committing a felony or misdemeanor. *State v. Darst,* 65 Wn.2d 808, 399 P.2d 618 (1965); *State v. Favro,* 5 Wn. App. 311, 487 P.2d 261 (1971); *State v. Melrose,* 2 Wn. App. 824, 470 P.2d 552 (1970); *State v. Mannhalt,* 1 Wn. App. 598, 462 P.2d 970 (1969).

If probable cause exists, an arrest is lawful, even though there was ample time in which a warrant could have been obtained. *State v. Roff,* 70 Wn.2d 606, 424 P.2d 643 (1967); *State v. Favro, supra.* It is our opinion that Officer Mayfield possessed probable cause to arrest defendant for possession of methamphetamines and marijuana.

"Probable cause" was ably discussed in *State v. Isham,* 1 Wn. App. 415, 418, 461 P.2d 569 (1969), where the following observation was made:

> As a dog worries a bone, courts in countless cases have semanticized the words "probable cause." A consensus description of the nature of the problem is fairly stated in 5 Am. Jur. 2d *Arrest* § 48 (1962):
>
>> The existence of "probable cause," justifying an arrest without a warrant, is determined by factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act. It is a pragmatic question to be determined in each case in the light of the particular circumstances and the particular offense involved.

In *Isham,* identification of defendant as one described in the police files as an abortion suspect, together with observation of conduct entirely consistent with that identification, provided sufficient probable cause for arrest.

In the present case, Officer Mayfield had received information from an informant for 1 month concerning defendant's connection with the drug traffic, and also possessed information that the defendant had sold methamphetamines to the informant on two separate occasions between January 13 and 18, 1971. The informant had proved his reliability with accurate information in the past. The purchases were made at the direction of Officer Mayfield and the drugs were turned over to him. This was more than sufficient to place defendant under suspicion.

On January 18, 1971, Officer Mayfield received information from the same informant that defendant was at the Royal Cue in possession of drugs. Mayfield later observed the defendant in the same general area, acting in a suspicious manner. It is our opinion that the past information, coupled with the present direct observation of conduct consistent with that information, was sufficient to persuade a cautious, but disinterested, person that defendant was in possession of drugs. *State v. Isham, supra.* Recognizing the "practical considerations of everyday life" the warrantless arrest was reasonable and was based upon probable cause.

The officers were justified in breaking into the apartment and apprehending defendant when they saw him in the apartment and he ran from them. The drugs were in plain view for Officer Mayfield when he was lawfully at the bathroom door to apprehend defendant, and were, therefore, properly seized. *State v. Wolfe,* 5 Wn. App. 153, 486 P.2d 1143 (1971); *State v. Hackett,* 4 Wn. App. 360, 481 P.2d 466 (1971).

The conviction of defendant for possession of dangerous drugs was proper. Defendant was in constructive possession of the drugs, if not actual possession, as he had dominion and control over the drugs and the power to exclude them from the possession of others. *State v. Wolfe, supra.*

Affirmed.

PETRIE, C.J., and ARMSTRONG, J., concur.