[No. 1340-3. Division Three. December 30, 1975.]

THE STATE OF WASHINGTON, *Respondent*, v. TOMMY VANZANT, *Appellant.*

*Ronald S. Zirkle*, for appellant.

*Jeffrey C. Sullivan, Prosecuting Attorney*, and *J. Eric Gustafson, Assistant*, for respondent.

McINTURFF, C.J.—Defendant, Tommy Vanzant, appeals from his conviction of possession of amphetamines.[1]

On the night of February 21, 1974, Detective Michael K. Bansmer of the Yakima City Police Department received a phone call from Detective Robert L. Regimbal of the sheriff's department informing Det. Bansmer that he had just received a tip from a reliable informant that Tommy Vanzant was presently selling "speed" over the counter at Terri's Cafe. Det. Bansmer then proceeded to the cafe with two other officers to investigate. After the officers observed defendant behind the counter for a few minutes, his arms moving but his hands obscured from vision, they came into the open and approached the counter. Defendant looked startled, hurriedly closed a book, and crushed some tinfoil in his hand. Defendant was arrested, searched and a large quantity of amphetamines was found on his person and behind the counter.

Defendant argues that Det. Bansmer unreasonably relied upon hearsay information in forming probable cause for defendant's arrest, thus rendering the arrest and subsequent search constitutionally defective.[2] In determining what constitutes probable cause it is helpful to read from *Draper v. United States*, 358 U.S. 307, 313, 3 L. Ed. 2d 327, 79 S. Ct. 329 (1959):

> "In dealing with probable cause, . . . as the very name implies, we deal with probabilities. These are not technical; they are the factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act." . . . Probable cause exists where "the facts and circumstances within [The arresting officers'] knowledge and of which they had reasonably trustworthy information [are] sufficient in themselves to warrant a man of reasonable caution in the belief that" an offense has been or is being committed.[3]

(Citations omitted.) As quoted, probable cause is a reasonable-man standard. Det. Bansmer indicated that perhaps he

---

[1] RCW 69.50.401 (c).

[2] U.S. Const. amend. 4; Const. art. 1, § 7.

[3] *See State v. Cottrell*, 86 Wn.2d 130, 542 P.2d 771 (1975).

did not believe he had probable cause at the moment of arrest; however, to determine probable cause by the standard of Det. Bansmer is to misapply the rule. The standard is the subjective reasonable man, and not a particular individual.

In deciding whether there was probable cause for the arrest, we turn again to the two-prong test of *Aguilar v. Texas*, 378 U.S. 108, 12 L. Ed. 2d 723, 84 S. Ct. 1509 (1964). It is the rule of *Aguilar* that probable cause may rest upon hearsay received from an informant if a reasonable person could conclude that, first, the present information is reliable; and second, the informant himself is reliable.[4] The rule applies to probable cause for the warrantless arrest in the present case.[5]

The first element of the *Aguilar* test, that the present information is reliable, is met when the informant offers sufficient detail concerning criminal activity to satisfy a reasonable man that the informant is probably not fabricating.[6] Det. Bansmer received details from his informant, Det. Regimbal, of defendant's name, defendant's presence at Terri's Cafe, his location behind the counter, recent sale of "speed" over the counter, and a specific purchase of "speed" made by Det. Regimbal's informant. We find these details sufficient to allow a reasonable man to conclude that Det. Regimbal was not fabricating his information, thus satisfying the first element of *Aguilar*.

The second element of *Aguilar*, that the informant himself be reliable, is likewise satisfied in the present case. Detectives Bansmer and Regimbal had worked together on several previous drug cases. Det. Bansmer knew Det. Regimbal as a policeman, a professional, unlikely to pass on bad, ill-founded, or misleading information. It would be illogical to say that one policeman may not reasonably rely

[4]*Aguilar v. Texas, supra* at 114-15; *State v. Thompson,* 13 Wn. App. 526, 529, 536 P.2d 683 (1975).

[5]*McCray v. Illinois,* 386 U.S. 300, 304, 18 L. Ed. 2d 62, 87 S. Ct. 1056 (1967).

[6]*Draper v. United States, supra* at 313; *United States v. Harris,* 403 U.S. 573, 579, 29 L. Ed. 2d 723, 91 S. Ct. 2075 (1971).

upon another policeman's information, in the absence of other facts and circumstances indicating personal unreliability. We conclude that Det. Bansmer reasonable relied upon his informant. *Aguilar* is fully satisfied in both elements.

Probable cause can rest solely upon uncorroborated hearsay from an informant;[7] but corroboration of hearsay information prior to arrest further buttresses a finding of probable cause.[8] Before defendant's arrest, Det. Bansmer established that defendant was in fact working behind the counter at the cafe at the time stated; and evidence indicates that when approached by officers, defendant looked startled and made hurried movements, possibly suggesting criminal activity. When Det. Bansmer decided his information was correct in these respects, it reduced the possibility that his informant was fabricating from whole cloth.[9] Because his informant was right about some things, he was more likely right about the sale of "speed."[10] This corroboration was substantial support to probable cause for the arrest of defendant.

There being probable cause to believe that a felony had been committed, arrest of defendant without warrant was permissible.[11] The arrest being permissible, search of his person and area within his immediate control was proper as an exception to the Fourth Amendment search warrant requirement.[12]

Defendant argues that Det. Bansmer did not rely upon the personal reliability of Det. Regimbal but rather upon the personal reliability of Det. Regimbal's anonymous in-

---

[7]*United States v. Harris*, 403 U.S. 573, 579, 29 L. Ed. 2d 723, 91 S. Ct. 2075 (1971); *State v. Patterson*, 83 Wn.2d 49, 56, 515 P.2d 496 (1973).

[8]*State v. White*, 10 Wn. App. 273, 278-79, 518 P.2d 245 (1973).

[9]*Draper v. United States*, supra at 313; *State v. Brooks*, 7 Wn. App. 27, 30, 497 P.2d 946 (1972).

[10]*Spinelli v. United States*, 393 U.S. 410, 427, 21 L. Ed. 2d 637, 89 S. Ct. 584 (1969), White, J. concurring.

[11]*State v. Darst*, 65 Wn.2d 808, 811, 399 P.2d 618 (1965).

[12]*Chimel v. California*, 395 U.S. 752, 23 L. Ed. 2d 685, 89 S. Ct. 2034 (1969).

formant in forming probable cause for defendant's arrest. Defendant contends that because the identity of Det. Regimbal's informant was entirely unknown to Det. Bansmer, Det. Bansmer had no basis upon which to judge the personal reliability of the informant. Thus, it is argued, the second element of *Aguilar* goes wanting. We reject this argument.

Where the arresting officer does rely upon an anonymous tip, we must have knowledge of additional information indicating the personal reliability of his informant before his suspicion of crime rises to probable cause for arrest.[13] But the record before this court discloses no reliance by Det. Bansmer upon the personal reliability of the anonymous informant. Rather, Det. Bansmer relied upon the personal reliability of Det. Regimbal, a person known to him.

Assuming, arguendo, that Det. Bansmer did in fact rely upon the personal reliability of the anonymous informant, we find that Det. Bansmer did have probable cause for the arrest. Corroboration of the details of the informant's tip by Det. Bansmer prior to defendant's arrest lent substantial support to the informant's personal reliability.[14] Det. Bansmer had further been advised by Det. Regimbal that the informant was known by name to Det. Regimbal, had given previous reliable information, and had made prior controlled drug buys in cooperation with police. On this occasion, the informant confessed to Det. Regimbal a recent purchase of "speed" from the defendant, contrary to the informant's penal interests. All these facts which were known by Det. Bansmer would allow the conclusion that the anonymous informant was personally reliable, in satisfaction of the second element of *Aguilar*.[15]

---

[13]*State v. Bantam*, 163 Wash. 598, 600, 1 P.2d 861 (1931); *State v. McClung*, 66 Wn.2d 654, 659, 404 P.2d 460 (1965); *State v. Young*, 76 Wn.2d 551, 554, 458 P.2d 8 (1969).

[14]*State v. McClung*, 66 Wn.2d 654, 659, 404 P.2d 460 (1965).

[15]*United States v. Harris*, 403 U.S. 573, 581, 29 L. Ed. 2d 723, 91 S. Ct. 2075 (1971); *State v. White*, 10 Wn. App. 273, 277, 518 P.2d 245 (1973); *State v. Chatmon*, 9 Wn. App. 741, 746, 515 P.2d 530 (1973); *State v. Brooks*, 7 Wn. App. 27, 28, 497 P.2d 946 (1972).

 Lastly, defendant argues that the court erred in refusing to disclose the identity of Det. Regimbal's informant at trial. Defendant contends that probable cause for his arrest stands entirely upon hearsay from this anonymous informant. It is argued that under these circumstances disclosure of the informant's identity is mandatory, so as to give the defendant "an opportunity to present contrary or impeaching evidence as to the truth of the officer's testimony and the reasonableness of his reliance on the informer [so that] the court [can] make a fair determination of the issue [of probable cause]."[16] Defendant's authority in support of this argument has been overruled by legislative enactment.[17] In answer to this contention the court in *McCray v. Illinois*, 386 U.S. 300, 305, 18 L. Ed. 2d 62, 67, 87 S. Ct. 1056 (1967) stated:

> In permitting the officers to withhold the informant's identity, the court was following well-settled Illinois law. When the issue is not guilt or innocence, but, as here, the question of probable cause for an arrest or search, the Illinois Supreme Court has held that police officers need not invariably be required to disclose an informant's identity if the trial judge is convinced, by evidence submitted in open court and subject to cross-examination, that the officers did rely in good faith upon credible information supplied by a reliable informant. This Illinois evidentiary rule is consistent with the law of many other States. In California, the State Legislature in 1965 enacted a statute adopting just such a rule for cases like the one before us:[18]

(Footnotes omitted.)

Assuming arguendo, that Det. Bansmer did rely upon an anonymous informant, we find disclosure of the informant's identity unnecessary. Disclosure of an informant's identity is required only upon an affirmative showing by the de-

---

[16]*Priestly v. Superior Court*, 50 Cal. 2d 812, 818, 330 P.2d 39, 43 (1958); *People v. Robinson*, 166 Cal. App. 2d 416, 333 P.2d 120 (1958).

[17]California Evidence Code, § 1042(c) (1965); *see McCray v. Illinois*, *supra*; *Parsley v. Superior Court*, 9 Cal. 3d 934, 513 P.2d 611, 616, 109 Cal. Rptr. 563 (1973).

[18]*State v. Burnett*, 42 N.J. 377, 201 A.2d 39 (1964).

fendant of necessity to his defense.[19] Defendant has made no affirmative showing of necessity, only arguing that disclosure is mandatory by overruled authority.

Judgment of the Superior Court is affirmed.

GREEN and MUNSON, JJ., concur.

[19]*Roviaro v. United States*, 353 U.S. 53, 60-61, 1 L. Ed. 2d 639, 77 S. Ct. 623 (1956); *McCray v. Illinois, supra; State v. Driscoll*, 61 Wn.2d 533, 379 P.2d 206 (1963); *State v. White*, 10 Wn. App. 273, 277, 518 P.2d 245 (1973).