[No. 6752–4–I.   Division One.   June 23, 1980.]

THE STATE OF WASHINGTON, *Respondent,* v. BRIAN KEITH YOUNG, *Appellant.*

*Lewis Nomura* of *Seattle–King County Public Defender Association,* for appellant.

*Norm Maleng, Prosecuting Attorney,* and *Joanne Maida, Deputy,* for respondent.

DORE, J.—Defendant appeals a conviction of robbery in the first degree with a special verdict that he was armed with a deadly weapon.

## ISSUES

1. Whether the defendant was denied his right to confront and cross–examine police detectives, regarding information that led to his arrest, in violation of his rights under the sixth and fourteenth amendments to the United States Constitution, and article 1, sections 3 and 22 of the Washington State Constitution.

2. Whether the trial court erred when it sentenced the defendant under the provisions of RCW 9.41.025.

## FACTS

On April 6, 1978, Seattle police detectives, acting on information received from a confidential informer, arrested the defendant and confiscated two firearms and other physical evidence connected with an armed robbery. Defendant was charged by amended information with one count of robbery in the first degree, alleged to have been committed on March 25, 1978.

Prior to trial, defendant moved to suppress physical evidence on the ground that his arrest, and subsequent search,

were without probable cause. The State requested an in camera hearing pursuant to CrR 4.7(h)(6), asserting that such a proceeding was necessary to preserve the safety of the confidential informer. The trial court required a preliminary showing that an in camera hearing was necessary.

The State then called Detectives Buckland and Holter as witnesses. Buckland testified that an informer told him a robbery had been committed. The informer also gave Buckland physical descriptions of "Brian" and "Mike." Buckland refused to divulge the basis for the informer's information on the ground that to do so would identify the informer. Detective Holter testified that he talked with Buckland about the informer's information and that he later spoke with the informer. Holter also refused to give additional testimony concerning the informer's information, out of fear that the identity of the latter would be revealed. Both detectives testified in open court concerning the informer's past reliability.

The trial court ruled that an in camera examination of the detectives was necessary on the issue of probable cause. However, both the prosecutor and defense counsel were excluded from the judge's "probable cause" hearing. At the conclusion of that proceeding, the trial court ruled that probable cause to arrest the defendant had been established. The trial court also agreed with the detectives on the limitation of their testimony in open court.

ISSUE 1: The defendant was not denied his right to confront and cross-examine police detectives.

In the suppression hearing, defendant argued that his warrantless arrest was effected without probable cause. Defendant now challenges the propriety of an in camera hearing to determine the basis for an informer's knowledge.

■ Under *Aguilar v. Texas,* 378 U.S. 108, 12 L. Ed. 2d 723, 84 S. Ct. 1509 (1964), and *Spinelli v. United States,* 393 U.S. 410, 21 L. Ed. 2d 637, 89 S. Ct. 584 (1969), a finding of probable cause may rest upon hearsay information received from an informer if the State establishes (1) the

reliability of the informant, and (2) the reasons for trusting the conclusions made by the reliable informant. *United States v. Anderson,* 509 F.2d 724 (9th Cir. 1974); *State v. Vanzant,* 14 Wn. App. 679, 544 P.2d 786 (1975).

The first prong of this test, "reliability of informant," was explored in open court. The record supports the trial court ruling that the informer was reliable.

The State sought to satisfy the second prong of the test by introducing evidence of the underlying circumstances supporting the informer's conclusions. The detectives refused to divulge such information in open court out of fear that the identity of the informer would be revealed. After a showing of necessity, the trial court conducted an in camera hearing and ruled that the second prong of the test was established. Defendant argues that this procedure infringes on his Sixth Amendment right of confrontation, and his Fourteenth Amendment right to due process of law. We disagree.

In *Roviaro v. United States,* 353 U.S. 53, 1 L. Ed. 2d 639, 77 S. Ct. 623 (1957), the defendant sought the disclosure of a confidential informant during trial. The United States Supreme Court held that the determination of whether to reveal the informant's identity requires a balancing of the public interest in protecting the flow of information against the defendant's right to prepare his defense. *State v. Harris,* 91 Wn.2d 145, 588 P.2d 720 (1978); *State v. Potter,* 25 Wn. App. 624, 611 P.2d 1282 (1980).

In *McCray v. Illinois,* 386 U.S. 300, 18 L. Ed. 2d 62, 87 S. Ct. 1056 (1967), the Supreme Court considered the applicability of *Roviaro* to a pretrial probable cause hearing. Prior to trial, the defendant filed a motion to suppress physical evidence on the ground that his arrest and subsequent search were effected without probable cause. At the suppression hearing, the arresting officers testified in open court as to what the informer told them and as to why they had reason to believe that his information was trustworthy. Each officer was also subjected to cross-examination by the defendant. On appeal, the defendant claimed that even

though the officers' testimony supported a finding of probable cause, the trial court violated the sixth and fourteenth amendments to the United States Constitution when it sustained objections to the defendant's questions concerning the identity of the informant. The Supreme Court found no support for such a contention and stated:

> What *Roviaro* thus makes clear is that this Court was unwilling to impose any absolute rule requiring disclosure of an informer's identity even in formulating evidentiary rules for federal criminal trials. *Much less has the Court ever approached the formulation of a federal evidentiary rule of compulsory disclosure where the issue is the preliminary one of probable cause, and guilt or innocence is not at stake.*

(Italics ours.) *McCray v. Illinois, supra* at 311.

The *McCray* court did not, however, promulgate a rule which would preclude disclosure of an informer's identity simply because the information relates solely to the issue of probable cause. In upholding the conviction, the court gave great weight to the arresting officers' testimony regarding what the informer told them and why they believed the informer to be reliable. Consequently, the disclosure of the informer's identity was not necessary.

The subject case is distinguishable from both *Roviaro* and *McCray* in that the defendant does not seek the disclosure of the informer's identity. Rather, the defendant only desires to cross–examine the police detectives as to the underlying circumstances which made the informer's conclusion seem reliable. The record, however, indicates that if the trial court allowed defendant to cross–examine the police detectives, the identity of the informer would necessarily be revealed. Consequently the distinguishing aspect of this case does not detract from the government's privilege in protecting the identity of confidential informers.

The precise issue before this court was considered in *United States v. Anderson, supra,* wherein two informers gave law enforcement officers information which resulted in the arrest of defendant. In a suppression hearing, the

defendant argued that the officers had no probable cause to make the arrest and search. The officers testified as to the reliability of the informers, but refused to testify as to the underlying circumstances supporting the informer's conclusions, out of fear that the identity of the informers would be revealed. The trial court ordered an in camera hearing and explored the foundations of the officers' information. The defendant argued that this practice infringed on his Sixth Amendment right of confrontation and his Fifth Amendment right to due process of law. On appeal, the United States Court of Appeals, Ninth Circuit, related an extensive discussion of *Roviaro* and *McCray* and held:

> Thus, rather than establishing a fixed rule that either requires or precludes disclosure of the informant's identity when probable cause is in issue, *we hold that the responsibility for striking the proper balance in each case rests with the trial judge.* . . . *If the trial judge is satisfied that an in camera hearing in which neither the defendant nor his attorney participates is adequate to explore the foundations of the informant's information, then no disclosure is necessary.* The trial court's determination will be reversed only if it constitutes an abuse of discretion or constitutional error.

> In the present case, there is no reason to believe that the informer could have provided testimony relevant to Anderson's defense on the merits. Rather, his testimony related solely to the prearrest issue of probable cause. Since disclosure of the underlying circumstances of the informant's information would necessarily have revealed the informant's identity, the court properly considered the government's interest in the anonymity of the informer. The court accommodated the competing interest of the defendant in a fair trial through the use of an *in camera* hearing closed to the defendant and his attorney. We cannot say that the accommodation reached was an abuse of discretion. Nor can we say that the procedure infringed the defendant's rights under the Fifth and Sixth Amendments. Moreover, having reviewed the transcript of the *in camera* proceedings, we affirm as not clearly erroneous the trial court's finding that the informant's conclusions were based upon sufficiently reliable information.

(Citations omitted. Italics ours.) *United States v. Anderson, supra* at 729–30.

In the subject case, the testimony of the detectives related solely to the issue of probable cause and did not concern the question of guilt or innocence. Further, the record shows that any open court disclosure of the underlying circumstances of the informer's information would necessarily have revealed the informer's identity. To avoid such disclosure, the trial court found it necessary to conduct an in camera hearing in which the court explored the foundations of the detectives' information. At the conclusion of the hearing, the trial court ruled that the detectives' suspicions were based upon reliable hearsay information. The record of the hearing supports this conclusion.

We hold that the procedure utilized by the trial court to accommodate both parties' concerns did not violate the defendant's rights under state and federal constitutions, but on the contrary protected such rights.

ISSUE 2: The trial court erred when it sentenced the defendant under the provisions of RCW 9.41-.025.

■ We agree that the firearm penalty enhancement statute, RCW 9.41.025, may not be applied to a conviction of robbery in the first degree where the charge alleged the use of a deadly weapon as a necessary element of the offense. *State v. Workman,* 90 Wn.2d 443, 584 P.2d 382 (1978).

Conviction affirmed. Remand for resentencing.

JAMES, A.C.J., and DURHAM–DIVELBISS, J., concur.

Reconsideration denied July 17, 1980.