[No. 5722–4–III.   Division Three.   July 17, 1984.]

THE STATE OF WASHINGTON, *Respondent,* v. WILLIAM WARREN HAYWOOD, *Appellant.*

*Michael D. Finney* and *Walters, Whitaker, Finney &
Falk,* for appellant (appointed counsel for appeal).

*Jeffrey C. Sullivan, Prosecuting Attorney,* and *Howard
W. Hansen, Deputy,* for respondent.

GREEN, J.—William Haywood was convicted of possessing over 40 grams of marijuana which was seized from his residence pursuant to a search warrant. He appeals from the denial of his motion to (1) suppress the marijuana and (2) reveal the identity of a confidential informant whose information supported issuance of the warrant. We affirm.

The warrant authorized a search of Mr. Haywood's residence based on the affidavit of a police officer:

> That within the past twenty–four hours your affiant was contacted by a reliable informant who advised that within the past thirty–six hours, the informant had personally observed a quantity of L.S.D. in the above–described residence.

The affidavit went on to state:

The informant from whom the information was received has personally used and abused the drug and is familiar with the appearance and packaging of the controlled substance.

Your affiant feels that the informant is reliable for the following reasons: The informant has provided information concerning drug possession, usage and trafficking to the Yakima City–County Drug Unit that has been verified through the affiant's personal knowledge and concurring investigations and in intelligence meetings with the other members of the Unit. This informant has not given any such information that has proven to be false.

Further this informant has made one controlled buy under your affiant's supervision[,] direction and control for a controlled substance. This informant has been known to your affiant for two months.

While executing the warrant, officers observed Haywood and another individual on the patio of the residence. Approximately 218 grams of marijuana and two growing marijuana plants were seized. No LSD was found.

Based on the evidence recovered from the search, Haywood was charged with possession of marijuana. He moved to suppress the marijuana and sought disclosure of the informant or an in camera hearing to examine the informant. He also moved for an examination of the police officer/affiant regarding the veracity of the information in the affidavit. He alleged he would testify there was never LSD in his house and "the only person that could have lied about this was in jail during the prior 36 hours avered [sic] to in the affidavit."

At the suppression hearing, Haywood testified he suspected the informant was a friend of his who had come around his home after midnight on August 23. Haywood and the suspected informant had argued and Haywood "ran him off" the property. He stated the friend never came into the home. He further testified the only other person who came to the home during the period of time mentioned in the affidavit in support of the search warrant was Greg Poulson, who arrived a short time before the police searched the premises. Poulson testified he did not inform

the police Haywood had LSD.

The police officer/affiant also testified. He stated he believed everything the informant had told him to be true. When defense counsel asked the officer whether he was aware that the informant was in jail during the time he allegedly saw the LSD, the court sustained an objection by the prosecutor that any examination of the officer about the informant would violate the informer's privilege. The court, however, examined the officer concerning the time period within which the informant had contacted the officer. He also permitted defense counsel to discover whether the "friend" Haywood believed to be the informant had been in jail during that time. The prosecutor stated the jail records had been checked and that individual was not incarcerated during the time mentioned in the affidavit.

Based on the evidence presented, the court entered findings and concluded:

> That the evidence presented does not provide a factual basis for requiring the State to disclose its confidential informant or to suppress the evidence seized during execution of the search warrant in this case.

After denial of the motion to suppress, Haywood stipulated that the facts were sufficient to convict him of possession of marijuana. The court entered a judgment of conviction and an order deferring sentence and granting probation. Haywood appeals.

We first address Haywood's contention that the affidavit for the warrant was insufficient because it did not (1) establish a sufficient nexus between the location of the contraband and his possession of it or (2) indicate why there was reason to believe the contraband would still be on the premises at the time of the search.

A search warrant must be supported by facts which lead to a probability that an unlawful situation exists on the premises sought to be searched. *State v. Seagull,* 95 Wn.2d 898, 906–07, 632 P.2d 44 (1981); *State v. Harris,* 12 Wn. App. 481, 484–85, 530 P.2d 646 (1975); *State v. Withers,* 8 Wn. App. 123, 125, 504 P.2d 1151 (1972); *State v.*

*Clay,* 7 Wn. App. 631, 636, 501 P.2d 603 (1972). Here, such a showing was made—the affiant averred an informant had seen LSD on the premises. Whether Haywood had actual or constructive possession of the marijuana found was a question for trial. Further, the affidavit supporting the search warrant need only present facts from which it can be concluded, by a commonsense approach, that the information set forth therein is recent. *State v. Huff,* 33 Wn. App. 304, 307, 654 P.2d 1211 (1982); *State v. Worland,* 20 Wn. App. 559, 563, 582 P.2d 539 (1978); *State v. Clay, supra* at 638. The period of time between the informant's observations here and the issuance of the search warrant did not render the information stale. *State v. Huff, supra.*

We conclude the affidavit of the police officer set forth sufficient facts to determine (1) the contraband was where the informant claimed it was, and (2) the informant was reliable. *See State v. Fisher,* 96 Wn.2d 962, 965–66, 639 P.2d 743, *cert. denied,* 457 U.S. 1137, 73 L. Ed. 2d 1355, 102 S. Ct. 2967 (1982); *State v. Myers,* 35 Wn. App. 543, 550, 667 P.2d 1142 (1983). It was therefore sufficient on its face to support a finding of probable cause to issue a warrant to search the Haywood premises.

Mr. Haywood contends, however, the court nonetheless erred in denying his motion to disclose the name of the informant or allow an in camera hearing to determine whether the police officer or the informant had given false information. He asserts the rule in *Franks v. Delaware,* 438 U.S. 154, 57 L. Ed. 2d 667, 98 S. Ct. 2674 (1978) should be extended to allow him to go behind the warrant and examine the informant. The trial court held he was precluded from doing so by the informer's privilege.

In *Franks,* the Supreme Court held an accused is entitled to challenge the facial validity of a search warrant affidavit, and proof of material perjury or reckless disregard for the truth of the facts stated therein requires exclusion of the evidence seized. *Franks,* however, confined its holding to statements made by a police officer/affiant and reserved judgment on allegedly false statements attributable to a

"nongovernmental informant." *Franks,* at 171. The inform-
er's privilege and circumstances under which disclosure is
required were addressed in *Roviaro v. United States,* 353
U.S. 53, 1 L. Ed. 2d 639, 77 S. Ct. 623 (1957) and *McCray v.
Illinois,* 386 U.S. 300, 18 L. Ed. 2d 62, 87 S. Ct. 1056 (1967).

In *Roviaro,* at 59, the Court recognized the informer's
privilege

> is in reality the Government's privilege to withhold from
> disclosure the identity of persons who furnish informa-
> tion of violations of law to officers charged with enforce-
> ment of that law. The purpose of the privilege is the
> furtherance and protection of the public interest in effec-
> tive law enforcement. The privilege recognizes the obli-
> gation of citizens to communicate their knowledge of the
> commission of crimes to law–enforcement officials and,
> by preserving their anonymity, encourages them to per-
> form that obligation.

(Citations omitted.) The Court, however, reasoned the
privilege is not absolute and must give way "[w]here the
disclosure of an informer's identity, or of the contents of his
communication, is relevant and helpful to the defense of an
accused, or is essential to a fair determination of a cause,
. . ." *Roviaro,* at 60–61.

In *McCray,* the Court rejected the contention that an
accused has a constitutional right to disclosure of an infor-
mant who supplied information bearing solely on the issue
of probable cause. Washington cases have followed the
approach taken in *McCray,* holding when the issue is not
guilt or innocence, disclosure is not required. *State v. Lar-
son,* 26 Wn. App. 564, 567–68, 613 P.2d 542 (1980); *State v.
Sewell,* 11 Wn. App. 546, 548, 524 P.2d 455 (1974); *see also
State v. Vanzant,* 14 Wn. App. 679, 684, 544 P.2d 786
(1975).

However, *McCray* did not establish an absolute rule
against disclosure. Instead, it has been interpreted as leav-
ing the issue to the trial court's discretion. Disclosure may
be allowed where it is "deemed . . . necessary to assess [the
affiant's] credibility or accuracy." *United States v. Ander-
son,* 509 F.2d 724, 729 (9th Cir. 1974). There the court held:

Thus, rather than establishing a fixed rule that either requires or precludes disclosure of the informant's identity when probable cause is in issue, we hold that the responsibility for striking the proper balance in each case rests with the trial judge.

See also Annot., *Accused's Right to, and Prosecution's Privilege Against, Disclosure of Identity of Informer,* 76 A.L.R.2d 262 (1961), & § 36 (Supp. 1975). The limited right to disclosure of an informant's identity is therefore consistent with a challenge to a warrant under *Franks v. Delaware, supra.*

On the other hand, the accused may not routinely obtain disclosure. The court in *McCray,* at 306–07 (quoting *State v. Burnett,* 42 N.J. 377, 201 A.2d 39, 43 (1964)), pointed out the problem with such a rule.

"If a defendant may insist upon disclosure of the informant in order to test the truth of the officer's statement that there is an informant or as to what the informant related or as to the informant's reliability, we can be sure that every defendant will demand disclosure. He has nothing to lose and the prize may be the suppression of damaging evidence if the State cannot afford to reveal its source, as is so often the case. And since there is no way to test the good faith of a defendant who presses the demand, we must assume the routine demand would have to be routinely granted. The result would be that the State could use the informant's information only as a lead and could search only if it could gather adequate evidence of probable cause apart from the informant's data. Perhaps that approach would sharpen investigatorial techniques, but we doubt that there would be enough talent and time to cope with crime upon that basis. Rather we accept the premise that the informer is a vital part of society's defensive arsenal. The basic rule protecting his identity rests upon that belief.

The public interest in encouraging the free flow of information therefore "imposes unique procedural requirements and evidentiary burdens on the defendant . . ." *United States v. Kiser,* 716 F.2d 1268, 1271 (9th Cir. 1983). Disclosure should be denied without a hearing unless there

is a preliminary showing, putting in issue the existence of the informant or the information given, or that police have relied on information they knew was patently unreliable. *United States v. Danesi,* 342 F. Supp. 889 (D. Conn. 1972); *Rihl v. State,* ___ Ind. App. ___, 413 N.E.2d 1046 (1980); *Commonwealth v. Abdelnour,* 11 Mass. App. Ct. 531, 534, 417 N.E.2d 463, 465 (1981); *State v. Wright,* 266 Or. 163, 511 P.2d 1223, 1225 (1973). If the court is satisfied such a showing has been made, an in camera hearing may be held to investigate the defendant's claims. Such a hearing has been frequently cited as an accommodation of the competing interests involved. *See United States v. Kiser, supra* at 1273; *United States v. Wasserteil,* 641 F.2d 704, 708 (9th Cir. 1981); *United States v. Anderson, supra* at 729; *United States v. Moore,* 522 F.2d 1068 (9th Cir. 1975); *United States v. Hurse,* 453 F.2d 128, 130 (8th Cir. 1971); *State v. Young,* 26 Wn. App. 470, 475, 614 P.2d 194 (1980); 1 W. LaFave, *Search and Seizure* § 3.3, at 582–83 (1978). The court has wide discretion to fashion the hearing at this stage in the proceedings where guilt is not at issue. If a question then exists concerning the officer's veracity, a *Franks* hearing may be ordered in which disclosure may be necessary. The court's determination will be reviewed only for an abuse of discretion. *See United States v. Anderson, supra* at 730.

We have reviewed the record here and find no abuse of discretion. It was Haywood's position that a certain named person he had chased off his property was the alleged informant. He claimed this suspected informant was in jail at the time the LSD was allegedly seen on his premises as stated in the police officer's affidavit. The prosecuting attorney told the court he had checked the jail records and this person was not in jail at that time. The court informed Haywood he could obtain the jail records and clarify the matter. This was never done. After considering the entire record and balancing the interests of the defendant and the State, the court declined to authorize an in camera hearing and denied the motion to suppress. We have reviewed the

record, and conclude the court did not err in its holding because Haywood failed to meet his burden of making the appropriate preliminary showing to entitle him to an in camera hearing.

Affirmed.

MUNSON, C.J., and MCINTURFF, J., concur.

Review denied by Supreme Court October 5, 1984.